The Indiana State Board of Agriculture *v.* Gray.

---

## THE INDIANA STATE BOARD OF AGRICULTURE *v.* GRAY.

PRACTICE.—*Trial.*—*Burden of Proof.*—*Open and Close.*—A suit was brought upon a written contract in which there were mutual agreements to be performed by the parties thereto, the complaint alleging full performance of each of his agreements by the plaintiff, but alleging a breach of such contract by the defendant, and claiming damages therefor. The answer of the defendant contained no general denial, but consisted of several special paragraphs, each alleging affirmative matter, amongst which was a counter-claim, specially denying the alleged performance by the plaintiff, averring a breach of such contract by him and demanding damages therefor.

*Held,* that the answer admitted the allegations of the complaint, and the burden of proof being upon the defendant as to the affirmative matter alleged by him, he was entitled to open and close the case on the trial.

PLEADING.—*Answer.*—*Can not be Double.*—No single pleading can be made to perform the double function of alleging matter in bar of an action, and, at the same time, setting up a cause of action entitling the party pleading it to affirmative relief. It may do one or the other, but can not do both.

From the Marion Superior Court.

*C. Baker, O. B. Hord* and *A. W. Hendricks,* for appellant.
*J. N. Scott, B. Harrison, C. C. Hines* and *W. H. H. Miller,* for appellee.

PERKINS, J.—This suit is upon a complaint as follows:
" The Indiana State Board of Agriculture, a corpora-

tion duly organized, etc., complains of James W. Gray, and says that heretofore, to .wit, on the 24th of July, 1873, the defendant executed a certain contract in writing, of which the following is a copy, viz.:

"INDIANAPOLIS, July 24th, 1873.

"I hereby agree to give the State Board of Agriculture, for dining hall on state fair grounds, during state fair and exposition of 1873, the sum of one thousand and six hundred dollars, ($1,600.00,) subject to the following conditions, viz : I am to make all the improvements necessary to the running of a first class dining hall, at my own expense, including cost of gas consumed. The State Board of Agriculture agrees to build kitchen and store-room, level floor, and build reception room over the centre of the hall. Terms : one-half, cash; balance, on or before October 1st, 1873.

Signed,        " J. W. GRAY.
            " H. CALDWELL, Chair. Com.
            " H. W. CALDWELL."

" The plaintiff avers that it also executed the said contract by and through said H. Caldwell and H. W. Caldwell, its agents, duly authorized and empowered to make the same ; that the plaintiff is the real party in interest in said contract, and entitled to receive the benefit thereof; that the plaintiff duly performed, all and singular, the conditions and stipulations on its part to be done and performed ; but that the defendant has failed to perform the conditions on his part to be done and performed, in this ; that he has wholly failed and refused, and still fails and refuses, to pay the plaintiff sixteen hundred dollars, although the same is due and wholly unpaid. Wherefore the plaintiff prays judgment, etc."

We quote a statement of the answer, from the brief of appellee :

" The appellee answered in three paragraphs; one by way of set-off, and the other two by way of counter-claim, and payment as to part. Both paragraphs of

counter-claim alleged that the contract, as reduced to writing, was not the contract as made; prayed for its reformation, charged a breach of the contract, and claimed damages therefor;" [but did not give a copy of any contract;] "one paragraph charging fraud on the part of appellant's agents, and the other a mistake of both parties in reducing the contract to writing, and both showing circumstances tending to excuse the appellee's oversight of the true character of the writing, at the time of its execution."

The first paragraph of counter-claim contained the following averment, viz.:

"And defendant further avers that though he complied in all respects with all and singular the stipulations and conditions of said contract on his part to be done and performed, the said plaintiff utterly failed and refused to comply with the conditions and stipulations on its part to be done and performed, in this, to wit: utterly failed and refused to level floor of the dining hall, as per contract. The second paragraph of counter-claim contained a similar averment."

Reply in denial.

It will be observed that there was no general denial of the complaint.

When the cause came on for trial in the court below, both parties claimed the right to open and close. The court decided in favor of the defendant, the plaintiff in the counter-claim, and the plaintiff in the cause excepted. Verdict and judgment against the plaintiff in the cause, on the counter-claim, for between five and six hundred dollars.

Did the court err in its ruling on the question of the right to open and close?

It is claimed by the plaintiff in the cause, that the averment in the counter-claim of the defendant, that the plaintiff failed to level the floor of the dining hall, is a traverse of the averment in the complaint that the plain-

tiff had performed all the conditions, etc., to be performed, in this; that it traverses the allegation, included in the general averment of performance of all conditions, that the plaintiff had "leveled floor." The defendant, on the other hand, asserts that the averment in the counter-claim that the plaintiff had not "leveled the floor of the dining hall," is not a traverse of the averment that the plaintiff had "leveled floor." That the two floors are not identical; that the dining hall floor is the one provided for in the contract set up in the counter-claim, which is different from that sued on.

It is a rule that a good traverse must deny a material allegation in the previous pleading. Stephen on Pleading, p. 193. But this is unimportant here, as another rule of pleading, established by this court, compels us to decide this cause against the plaintiff.

The paragraphs of the defendant's answer were, severally, counter-claims. They severally alleged a cause of action against the plaintiff, and sought affirmative relief. This being so, they fall directly within the rule declared in *Campbell* v. *Routt*, 42 Ind. 410. In the opinion it is said, "We are of opinion, however, that no single pleading can be made to perform the double function of alleging matter in bar of an action brought by one party, and at the same time of setting up a cause of action in favor of the other. * * * * Whether the pleading in any given case is one thing or the other must be determined from the character of the pleading and the averments thereof, but it can not be both."

Under this rule, the averments in the counter-claim, in the case at bar, denying an allegation in the complaint, if it contained such, went for naught, and the counter-claim must be treated as a pleading setting up new matter only, and, hence, not as traversing any averment in the complaint.

The conclusion follows that all the averments in the complaint were admitted, the burden of proving his

counter-claim was upon the defendant, and he had the right to open and close.

The judgment is affirmed, with costs, and one per cent. damages.