No. 6408.

## Glenn v. Porter.

PROMISSORY NOTE.—*Attorney's Fees.*—*Pleading.*—In an action upon a promissory note, providing for attorney's fees, it is not error to include the value thereof in the amount of recovery, although the complaint contained no allegation as to their value, and made no specific claim for their recovery.

SAME.—*Exhibit.*—Where there is an inconsistency between the allegations of a pleading and the contents of an exhibit, properly filed therewith, the latter controls.

SAME.—*Endorsement.*—*Evidence.*—*Variance.*—Where the complaint alleged that the endorsement was made by M. & S., but in the exhibit thereto the endorsement was shown to be by M. S., an objection to the admission in evidence of an endorsement by M. S. can not be sustained, based only on the ground of a variance between the allegations of the complaint and the note offered in evidence.

SAME.—*Amount of.*—It is not error to admit in evidence the note sued on because the amount thereof is written "four *hund* and two and $\frac{50}{100}$ dollars."

From the Harrison Circuit Court.

*W. T. Jones, S. J. Wright,* —— *Wolfe, A. Stevens* and *L. Jordan,* for appellant.

*B. P. Douglass, S. M. Stockslager, W. N. Tracewell* and *R. J. Tracewell,* for appellee.

ELLIOTT, J.—Issue was joined upon a complaint for the recovery of the principal and interest due upon a promissory note executed by the appellant, and held by the appellee. Trial by jury, verdict and judgment in favor of appellee.

The appellant, in support of his prayer for reversal, urges that the court erred in rendering judgment for attorney's fees. The counsel argue that, as the complaint contains no allegation as to the value of the attorney's fees, it was error to include them in the amount of recovery. The decisions of this court settle this question against appellant. In *Roberts* v. *Comer,* 41 Ind. 475, it was expressly held that a judgment would not be reversed where attorney's fees were allowed, although there was no allegation in the complaint stating their value, or making any specific claim for their recovery. In *Smiley* v. *Meir,* 47 Ind. 559, it was held that, where the note fixed the amount of the fees, and was set out with the complaint, no other evidence of the value of the fees than that furnished by the note, was necessary. In that case there was no specific allegation of the value of the fees made, nor any direct claim made for their recovery, but the note set out in the complaint contained a clause fixing the rate. In *Philips* v. *Cox,* 61 Ind. 345, the holding was, that there was no error in permitting a complaint to be amended so as to claim attorney's fees, because, as was there said, such an amendment is mere matter of form.

Complaint is made of the ruling admitting the endorsement in evidence. The counsel contend that there was error in admitting this indorsement because the complaint avers that the indorsement to appellee was made by Miles & Spald-

ing, and the indorsement given in evidence is by Miles Spalding. It is true that the body of the complaint charges that the indorsement was made by Miles & Spalding, and it is also true that the payees of the note are described as Miles & Spalding, but in the exhibit to the complaint the indorsement is set out and the name of the indorser is there written Miles Spalding. Had the objection been made below that the indorsement was made by one only of the payees, a very different question from that presented by the objection as made would have arisen; but we can consider the objection only as it was made to the trial court. The objection appellant interposed was, as the record recites, "for the reason that the complaint alleged that the payees of the notes, Miles & Spalding, had, by their written indorsement, assigned the note to plaintiff, while the indorsement now offered read Miles Spalding." The objection, therefore, rested on a single ground, and on that alone the question must be determined. The indorsement set out in the exhibit controlled the allegations in the body of the complaint, for it has been often held that where there is an inconsistency between the allegations of the pleading and the contents of the instrument set forth, the latter must control. The indorsement offered in evidence was that set out in the exhibit, and the appellant's objection therefore fails. There is nothing in the opinion pronounced by this court when the case was here before, which at all conflicts with the view now expressed. *Glenn* v. *Porter*, 49 Ind. 500.

The appellant argues that the court erred in admitting in evidence the note sued on, because the amount of the note is written in these words and figures, "four *hund* and two and $\frac{50}{100}$ dollars." There would be little of merit in this argument, even if the note contained no other statement of the amount than that written in the body, and there is none at all when it is seen by bare inspection that there are figures unmistakably exhibiting the amount. If, however,

there were no such figures, we should be unwilling to reverse because the three last letters of the word "hundred" are lacking.

The appellant's claim, that there was such misconduct of the jury as entitles him to a reversal, is not well founded. We have not been shown by counsel any fact tending to prove that the acts complained of in any way prejudiced his cause, nor in looking through the evidence have we ourselves discovered any. *Pratt* v. *The State*, 56 Ind. 179.

Judgment affirmed.

Petition for a rehearing overruled.