Ross, Administrator, *et al. v.* Hobson *et al.*

Filed April 7, 1892.

No. 14,621.

## ROSS, ADMINISTRATOR, ET AL. *v.* HOBSON ET AL.

VENIRE DE NOVO.—*When Lies.*—A *venire de novo* will be awarded only when the verdict is defective in form.

FRAUD.—*Rescission of Conveyance.*—*Value of Land Exchanged.*—In an action to rescind a conveyance of land procured by the fraudulent representations of the defendant, it is not necessary to state the value of the land conveyed, though such a statement is proper.

SAME.—*Allegation of Reliance on Fraudulent Representations.*—An allegation that the plaintiff relied upon the representations of the defendant and was thereby deceived is sufficient to withstand a demurrer, without an allegation that the plaintiff had no information concerning them.

SAME.—*Relying on Statements.*—*When Party May.*—A party may rely upon the statements made to him by the defendant when he is ignorant of their untruthfulness and the subject-matter is not in the vicinity of the place of negotiation.

SAME.—*Parties.*—*Person Holding Title to Land.*—A person to whom land is conveyed, in an action for a rescission for fraud, is a proper party defendant, though he had no knowledge of the fraud.

SAME.—*Death of Defendant.*—*Substituting Administrator.*—If a defendant, who is a party to a fraudulent transaction, die pending suit for a rescission, his administrator may be substituted.

SAME.—*Evidence.*—*Admissions.*—The admissions of a defendant, who furnishes the consideration to secure a conveyance of land executed by the plaintiff, and who is the real party in interest, though the conveyance was made to a co-defendant, are admissible, in an action to rescind the conveyance for fraud.

From the Clinton Circuit Court.

*N. O. Ross,* for appellant.

*F. Cooper, J. O'Brien* and *C. C. Shirley,* for appellees.

BERKSHIRE, J.—This action was brought by the appel-

lees to rescind an executed contract. The complaint is in two paragraphs, which are not materially different.

The first paragraph alleges that the appellees were and are husband and wife; that the appellee, Jesse, was the owner of certain real estate situated in Howard county, Indiana; that on the 5th day of November, 1886, the appellant, George E. Ross, and one Oscar Chandler, who was in life when this action was brought (and a party defendant thereto) but since deceased, conspired and confederated together to cheat and defraud the appellees out of the title to said real estate, and pursuant to such fraudulent purpose and intention, met at the residence of the appellees upon the said real estate and represented to the said Jesse that the appellants, George E. and Martha J., were the owners of the undivided one-third interest in and to certain real estate in Cass county, Indiana, and the appurtenances thereto belonging, consisting of a building and apparatus therein for the propagation of chickens and other domestic fowls, the whole of said property belonging to the Logan Poultry Company, and the said interest of the said George E. and Martha J. being represented by forty shares of the capital stock of said company, of the par value of $50 each; that the business of the above named company was in successful operation, and was prosperous; that the stock of said company was worth in the market its full par value; that its tangible property had cost and was well worth $6,000; that said company was free from debt, and its property unincumbered; that immediately following the said representations, the said Ross and Chandler proposed to exchange the interest of the said George E. and Mary J., in said company as represented by said stock, for the said real estate of the said Jesse; that the appellees believing the said representations to be true, and relying thereon, and being deceived thereby, did on said day, in consideration of the sum of $100 in cash paid by said George E., and the delivery of said forty shares of stock, convey the said real estate so owned by said Jesse by war-

ranty deed to said Chandler, who immediately executed a quit-claim deed therefor to said Martha J., who at the time was the wife of the said George E.; that the last named conveyance was executed without consideration, and without the knowledge of the said Martha J.; that at the time said representations were made, and said conveyance executed by the appellees, the said poultry company was wholly insolvent, and its property encumbered for more than its actual value, all of which was well known to the said George E. and said Chandler; that the business of the said company was not and never had been prosperous, and at the time said representations were made it had abandoned its business as a losing and worthless enterprise, and its stock was not worth the paper on which the certificates thereof were printed; that the residence of the appellees when said representations were made, and said deed executed, was thirty miles from the city of Logansport, the home of said company and its place of business; that the said George E. was a notary public, and although said conveyance was executed for his benefit, by his direction, that he as notary might take the acknowledgment, the conveyance was executed to said Chandler; that as soon as the appellees discovered the fraud they at once demanded a rescission of the contract, and offered to place the appellants *in statu quo.*

It also appears by proper averments that the consideration received by the appellees was tendered in court for the benefit of the appellants.

Demurrers were addressed to both paragraphs of the complaint and overruled by the court and exceptions reserved.

An answer in general denial was filed, and the appellant, Martha J., filed a cross-complaint, alleging a fee simple ownership of the Howard county real estate, and demanding that her title thereto be quieted, and that she recover the possession of said real estate.

The appellees addressed a demurrer to the cross-complaint,

which was overruled, and thereupon they answered with a general denial.

The cause was submitted to a jury for trial, who returned a special verdict; and after unsuccessfully moving for a *venire de novo*, and for judgment on the special verdict, the appellants moved for a new trial, which latter motion was overruled, an exception saved, and judgment and decree rendered for the appellees.

The appellants assign errors jointly and severally.

The questions presented to which we need refer in this opinion arise out of the rulings of the court in overruling the demurrer to the paragraphs of complaint, and in overruling the motion for a new trial; the verdict of the jury was not defective in form, and for no other cause will a writ of *venire de novo* be awarded. *Louisville, etc., R. W. Co.* v. *Hart,* 119 Ind. 273; *Bowen* v. *Swander,* 121 Ind. 164; *Hamilton* v. *Byram,* 122 Ind. 283.

The complaint is not a model pleading, but we think the facts stated in each paragraph disclose a cause of action, and entitle the appellees to a rescission of the contract. One objection to the complaint is that it contains no allegation as to the value of the Howard county land. Such an allegation would have been highly proper, but it is not a necessary allegation. If the appellees had affirmed the contract after discovering the fraud alleged, and had brought an action for damages because of the fraud, then it would have been necessary for them to show the difference between the worth of the property they obtained under the contract when they received it, and what it would have been worth had the representations been true. *Nysewander* v. *Lowman,* 124 Ind. 584.

But as this is a suit in equity to rescind the contract which was executed by the parties, if the appellees are otherwise entitled to have undone all that was done because of the contract, the value of the real estate conveyed by them is a matter of no consequence, as a rescission only restores them to their former position.

That the real estate which the appellees conveyed to the appellant, Martha J., is of some value, clearly appears by the averments of the complaint. It consists of seventeen acres and a fraction of land, and upon it the appellees made their home, and the consideration which the appellants paid therefor was, cash $100, and the said forty-six shares of stock in the poultry company, estimated at $2,000.

But it is further contended that there is no allegation to be found in the complaint that the appellees were uninformed as to the facts to which the alleged representations of the appellant, George E. and Chandler, related.

It is true that there is no such allegation in terms, but it does appear that the appellees relied upon the representations made and were deceived thereby, and these allegations are wholly inconsistent with knowledge on their part. If the allegation as made was not satisfactory to the appellants, they ought to have made a motion that it be made more specific.

But it is further contended that the appellees were not justified in relying upon the representations made, but should have informed themselves before executing the contract, and if they have entered into a contract which is unfortunate for them it is but the result of their own folly.

What would have been expected of the appellees, as persons of ordinary prudence and caution, had they lived in Logansport, or in the vicinity of said city, in ascertaining the value of the poultry company's stock before executing their conveyance to Chandler, we need not inquire.

It appears that the appellees lived thirty miles away, and that the appellant, George E. and Chandler, conspired together to cheat and defraud them of their home, and pursuant to such evil purpose repaired to the home of the appellees and made the representations charged in the complaint and thereby induced them to execute the conveyance; the information was not near at hand which would undeceive

Ross, Administrator, *et al. v.* Hobson *et al.*

the appellees, and this the appellant George E. and Chandler well knew when they made the representations.

But it further appears that the conveyance, though executed for the benefit of the appellant, George E., was by his direction executed to Chandler; that this suggestion was made that George E. Wright, as notary public, take the acknowledgment of the appellees to the execution of the deed; and it is not unreasonable to presume that the suggestion was prompted on purpose to obtain the deed while the appellees were under the influence of the deception that had been practiced upon them.

We are inclined to the opinion that the appellees might rely on the representations made, and that the falsity thereof, as alleged, entitled them to a rescission of the contract.

The appellants were all proper parties, and Martha J. was a necessary party. She held the title to the real estate to which the appellees were asking to be restored.

The title having been conveyed to her without her knowledge, and without any consideration, she was the mere receptacle thereof, with all the consequences of the fraud resting upon it, George E. and Chandler being the perpetrators of the fraud, and the conveyance having been made to one of them for the benefit of the other, as alleged, this rendered it entirely proper that they be before the court. And Chandler having died during the pendency of the action before the trial court, it was not improper to make his administrator a party defendant.

The court committed no error in overruling the demurrer to the paragraphs of complaint.

Counsel for the appellants mistake the fact when they assert that the first paragraph of the complaint does not allege that the conveyance to Mrs. Ross was without consideration.

The appellants objected to a jury trial and demanded a trial by the court.

Their objection and request were not confined to the issues

joined in the main action, but were general and applied as well to the issues joined in the cross-action.

As disclosed by the cross-complaint, Mrs. Ross held the legal title to the real estate, and she by her cross-action sought to have her title quieted and to recover possession of the real estate.

The issues in the cross-action were clearly triable by a jury, as a matter of right, upon the request of either party. *Trittipo* v. *Morgan,* 99 Ind. 269; *Martin* v. *Martin,* 118 Ind. 227 (237.)

Had the appellants' request for a trial by the court been confined to the issues joined in the main action, and over-ruled, we are not prepared to say that there would not have been error; but as a trial by the court was insisted upon in the cross-action, as well as in the main action, the court committed no error in its ruling. And for the reasons stated the request for a special finding was properly overruled.

It is the province of a jury, when a special verdict is desired, to find the facts involved in the issues they are called upon to determine, and not to state evidentiary facts, nor mere conclusions of fact.

We have critically examined the special verdict herein involved, and do not think that it is open to the objections urged against it by counsel. It follows very closely the allegations of the complaint and covers the facts in issue, and is unusually free from objectionable matter often found in special verdicts.

Certain evidence introduced by the appellees upon the trial was objected to by counsel for the appellants, and exceptions reserved. Among other items of evidence to which objection was made, was a certain mortgage, and a mechanic's lien upon the property of the poultry company, represented in part by the certificates of stock assigned to the appellees. The objection to these two items of evidence is, that the appellant George E. and Chandler were without knowledge of their existence when they made the representations.

There are two sufficient answers to this objection :

1. When the representations were made, the parties making them assumed that they were true, and will not be heard to say that they were uninformed as to their truthfulness.

2. It was a question for the jury as to whether or not the representations where known to be false when made.

The next day after the execution of the deed by appellees, the appellee, Jesse, went to Logansport and had a conversation with the appellant, George E., in regard to the encumbrances resting upon the poultry company's property, and in regard to other matters connected therewith.

The objections offered to this testimony are that George E. was but the agent of Chandler, and that any statement made by him after the contract was closed was incompetent because it was but mere hearsay testimony, and that it was wholly immaterial for the reason that it related to a time after the execution of the contract.

The theory of the appellees was, and is, that George E. furnished the consideration for the conveyance executed by the appellees, and was the real party in interest, although the conveyance was executed to Chandler. And as we have already intimated, George E. is a proper party to the suit because of his relation to the transaction involved, and this renders his statements competent to be proven as the admissions of a party.

The evidence was material so far as it related to the encumbrances on the property of the poultry company, as it tended to disprove the truthfulness of the representations alleged in the complaint. And what was said as to Chandler's financial condition was proper as indicating a willingness to delay the appellees in discovering the fraud.

The testimony of Mrs. Hobson, to which objection was made, related to the *res gestæ*, and was clearly competent.

. Though Chandler had deceased before the trial his deposition was on file, and had the appellees otherwise been incompetent witnesses, this rendered them competent under

the second proviso in section 498, R. S. 1881 ; but the case is not one falling within the exception contained in the first proviso of this section.

No good purpose can be accomplished by a discussion of the evidence in this opinion, and hence it is only necessary to say that we find upon a careful examination of the record that the evidence supports the verdict.

We find no error in the record.

Judgment affirmed, with costs.

Filed Feb. 5, 1891; petition for a rehearing overruled April 8, 1891.

