Lindley *et al.* *v.* Sullivan *et al.*

No. 15,959.

## LINDLEY ET AL. *v.* SULLIVAN ET AL.

PROMISSORY NOTE.—*Attorney's Fee.*—*Provision for in Note.*—*Failure to Allege Value of Fee.*—*Proof of Value.*—*When Proof Necessary.*—In an action upon a promissory note providing for attorney's fee, the amount claimed as such fee should be alleged, but in the absence of such an averment, evidence may be introduced as to the reasonable value of the services, and a recovery had thereon, under the general claim for damages, and, where the value of the fee is not admitted, proof as to the value thereof is necessary.

DISCRETION.—*Refusal of Court to Allow Plaintiff to Amend Complaint.*—*When Such Action not Reviewable on Appeal.*—Where the court refused to allow the plaintiff to amend his complaint on the eve of trial, such power being in the discretion of the court, the Supreme Court can only review the action of the court when there has been a clear abuse of discretion.

BURDEN OF PROOF.—*When on Defendant.*—*Right to Open and Close.*—Where the plaintiff is not required to make proof of his allegations, to entitle him to recover, the burden is on the defendant to establish his defense, and he has a right to open and close the case before the jury.

TRIAL BY JURY.—*Joinder of Equitable and Legal Defenses.*—*When Error to Submit to Jury.*—*Trial by Court.*—Where an answer consisting of two paragraphs setting up respectively two defenses, one equitable and triable by the court, and the other legal and triable by a jury, it is not error to submit the cause to a jury, over the general objection of the plaintiff; but should the plaintiff confine his objection to the submission to a jury of that part of the cause embracing the equitable defense, then it would be reversible error to overrule it, and thus submit the whole cause, unless no evidence had been introduced in support of the legal defense.

INSTRUCTIONS TO JURY.—*Correct in Terms, but Without Case Made by Pleadings.*—*Erroneous.*—The giving of an instruction which is correct in terms, but lies entirely without the case made by the pleadings, is erroneous, and, if not harmless, will work a reversal of the cause.

From the Vanderburgh Circuit Court.

*J. S. Buchanan, C. Buchanan, A. Gilchrist* and *C. A. DeBruler*, for appellants.

*D. B. Kumler, G. V. Menzies* and *F. P. Leonard*, for appellees.

MILLER, C. J.—This was an action by the appellants, against the appellees upon a promissory note for $300. The note called for attorney's fees, but contained no specific allegation as to the amount claimed. There was an allegation in the complaint that the defendants were indebted to the plaintiffs on the note for principal, interest and attorney's fees, and the amount demanded was $53 in excess of the amount due upon the note. Upon the calling of the cause for trial, the plaintiffs asked leave to amend their complaint by inserting an allegation "that $300 is a reasonable fee for plaintiffs' attorneys," but the court refused leave to make the amendment.

The appellee answered in two paragraphs, the first paragraph being designated as a "set-off and cross-complaint," in which the admission is made that he executed the note in suit, as principal, and that "he is liable for the principal sum of said note, with interest and attorney's fee, as claimed in the complaint." The pleader then proceeds to show that subsequent to the execution of the note in suit, a stock of goods, fixtures, notes and accounts, formerly owned by Sullivan and one Woods, were turned over to the plaintiffs, and a written agreement entered into by which the plaintiffs were to furnish a large sum of money and pay certain indebtedness of Sullivan, and, after deducting an agreed amount due them from Sullivan, either return the residue to Sullivan, or close them out for his benefit; that the plaintiffs had realized an amount sufficient to pay all the debts and expenses, and had remaining in their hands a large amount for which they refused to account.

The prayer was for an accounting of the amount due the defendant under the agreement, and that an amount sufficient to satisfy the note in suit be set off against it and another note, held by the plaintiffs against the defendant and another, and that said notes be cancelled, and for a judgment over against the plaintiffs.

The second paragraph makes the same admission of li-

ability on the note for principal, interest, and attorney's fees, but alleges that the plaintiffs, before the commencement of the action, were, and still are, indebted to him for goods, wares, and merchandise, sold and delivered to plaintiffs by the defendant, at their special instance and request, an itemized statement of which is contained in the contract exhibited with the first paragraph of answer. The prayer is the usual one for a set-off against the amount found due the plaintiffs, and for a judgment against them for the residue.

The appellants answered by a general denial. Some pleadings were filed by the surety on the note sued on, in which he set up his suretyship and asked to be protected.

When the cause was called for trial, the appellees asked that it be submitted to a jury. To this the appellants interposed an objection, claiming that the action was equitable, and must be submitted to the court. The objections of the appellants were overruled, and the cause went to a jury for trial.

The appellants then demanded the right to open and close the case, but this demand was overruled, and the appellees were allowed to open and close.

A trial by jury resulted in a verdict for the defendants, and against the plaintiffs for a sum of money, and the cancellation of the note in suit, and the other note described in the first paragraph of answer.

While good pleading requires that, in an action upon a note providing for attorney's fees, the value of the services should be stated; evidence may be admitted without such averment, and a recovery had for such fee, provided the whole recovery does not exceed the amount for which judgment is demanded in the complaint, the evidence being admissible under the general claim for damages. *Roberts* v. *Comer*, 41 Ind. 475; *Harvey* v. *Baldwin*, 124 Ind. 59; *Reynolds* v. *Baldwin*, 93 Ind. 57; *Glenn* v. *Porter*, 72 Ind. 525.

Unless the value of the fee was admitted by the defendants, it was necessary to introduce proof of the reasonable value of such services, and, without an amendment of the complaint, the amount of recovery could not exceed the sum of $53.

We can not say that the court abused its discretion in refusing to permit the plaintiffs to amend their complaint upon the eve of the trial, although such leave is usually granted. *Glenn* v. *Porter, supra.*

Many things must, necessarily, be left to the sound discretion of the trial court, and an appellate court can only review the action of the court in cases where it is clear that there has been an abuse of discretion.

We are, also, of the opinion that the court did not err in giving the appellees the opening and the closing of the case before the jury. When it is not necessary for the plaintiff to introduce any evidence to entitle him to recover, the burden of proof is upon the defendant to establish his affirmative defense. *Indiana State Board, etc.,* v. *Gray,* 54 Ind. 91; *Goodrich* v. *Friedersdorff,* 27 Ind. 308; *Judah* v. *Trustees,* 23 Ind. 272.

As we construe the admission in the several answers, they admitted a recovery for the full amount asked in the complaint, which, as we have said, was the limit of the recovery to which they were entitled. No proof was required, nor was any given in support of the complaint.

The issue tendered by the first paragraph of answer was clearly of exclusive equitable jurisdiction, and triable by the court. It proceeded upon the theory that the agreement between the parties was, in effect, a chattel mortgage, and sought for an accounting and the cancellation of the notes.

The second paragraph of the appellee Sullivan's answer was an ordinary set-off in the nature of a cross-action for goods sold and delivered. This was a common law action, and triable by a jury.

Two defenses were joined, one was triable by the court and one by a jury, as provided by section 409, R. S. 1881.

Had the appellants confined their objections to the trial by jury of the issue tendered by the first paragraph of the answer, it would have been reversible error to have over-ruled them. *Ross* v. *Hobson,* 26 N. E. Rep. 775.

The fact that the trial was had, and evidence introduced only under the first paragraph, did not make the ruling of the court, made at the inception of the trial, erroneous. It was not possible for the court to know, in advance, upon which paragraph the defendant would proceed. *Puter-baugh* v. *Puterbaugh,* 30 N. E. Rep. 519, S. C. 131 Ind. 288.

If the appellants had asked a severance in the trial of the legal and equitable defenses interposed, and no evidence had been offered in support of the legal defense, they would not have been injured by the submission of the one issue to the jury, for there would have been nothing for the jury to pass upon, and the verdict upon that issue must have been against the party having the burden of proof.

The court charged the jury in its third instruction that in case of a recovery against the appellants they " should be charged with the invoice or cost price of the stock so taken by them, and the amount that should have been realized on the notes and accounts of Sullivan & Woods, and turned over to plaintiffs, by due care and diligence in collecting them."

The agreement under which the notes and accounts were turned over to the appellants contains no provision or stipulation with reference to the collection of the same.

It has been held that in the absence of a special contract the duty devolves upon the holder of notes held as collateral security of using reasonable, but not extraordinary, diligence in their collection; and that upon a failure to realize the money due thereon, through his own laches, the amount lost may be charged against him as a payment upon the debt. *Slevin* v. *Morrow,* 4 Ind. 425; *Reeves* v.

*Plough,* 41 Ind. 204; *Murphy* v. *Bartsch,* (Idaho), 23 Pac. Rep. 82; *Rumsey* v. *Laidley,* 12 S. E. Rep. 866; Colebrooke on Collateral Securities, section 442; *Cooper* v. *Simpson,* 41 Minn. 46; *Hanna* v. *Holton,* 78 Pa. St. 334.

The vice of this instruction is not that it contains a misstatement of the law, but that it is entirely outside the case made by the pleadings. The only statement in the pleadings relating to the collection of the notes and accounts is to be found in the set-off and cross-complaint of the appellee Sullivan, which asserts that, from the property turned over to the appellants, they had realized enough to pay all expenses, costs, liabilities and debts mentioned in the agreement; and that, after paying the same, there remained in their hands dry goods, fixtures, notes and accounts of the value of $3,000.

The distinction between an action for recovery of money collected upon the notes and accounts, and remaining in the hands of the appellants, and one for a recovery of money which they negligently failed to collect, is broad and marked. Liberal as is our code of practice and pleading, it does not sanction a right of recovery not in accordance with the allegations of the pleading upon which the recovery is based.

We find no direct evidence of any negligence or want of care upon the part of the appellants in making collections, nor that anything was lost by their failure to collect, except such as might be inferred from the small proportion collected of the whole amount of notes and accounts that went into their hands, and the additional fact that there was proof of the solvency of some of the debtors. The mere lapse of time, and the fact that claims have not been collected do not of themselves necessarily show a want of reasonable diligence. *Reeves* v. *Plough, supra; Aldrich* v. *Goodell,* 75 Ill. 452.

Some other rulings of the court have been assigned as

error, but as they are not such as are likely to arise upon another trial, we will not consider them.

On account of the giving of the third instruction, the judgment is reversed, with instructions to grant a new trial.

Filed November 28, 1892.

## ON PETITION FOR A REHEARING.

HACKNEY, J.—An earnest petition for a rehearing presents the question as to whether this court comprehended the issue as presented below. We have examined the record with great care, and find the issue as stated in the original opinion, except that the affirmative reply to the set-off is not stated. This reply both admits the issue tendered by the set-off, and seeks to avoid it by alleging an agreement subsequent to that which is the foundation of the set-off, whereby the appellee sold the goods in question to the appellants, and agreed to pay the notes sued on, and another note sought by the appellee to be cancelled. In none of the pleadings is the question presented as to diligence in the collection of any of the claims assigned.

The petition for a rehearing is overruled.

Filed February 16, 1893.