## Long & Allstatter Company *v.* Barnes et al.

[No. 20,240.   Filed January 15, 1904.]

Trial.—*Right to Open and Close.*—*Burden of Proof.*—The party having the burden of proof is entitled to open and close, and when it is not necessary for the plaintiff to introduce any evidence to entitle him to recover, the burden of proof is upon the defendant to prove his affirmative defense. *pp. 23, 24.*

Same.—*Set-Off Pleaded by One Defendant.*—*Instruction.*—Where, in an action on a written guaranty of a note, the answer of the defendant who was maker of the note pleaded an individual set-off, it is not necessary that the court instruct the jury that the defendant pleading the set-off must prove that he was the principal, where the jury was instructed that all the material averments of the set-off must be proved, and the complaint set forth that the guaranty contract sued on was security for the separate note of the defendant pleading the set-off. *pp. 24, 25.*

From Boone Circuit Court; *B. S. Higgins,* Judge.

Action by the Long & Allstatter Company against Edward Barnes and another. From a judgment in favor of defendants, plaintiff appeals. Transferred from the Appellate Court, under §1337u Burns 1901. *Affirmed.*

*O. P. Mahan,* for appellant.

*S. M. Ralston,* for appellees.

HADLEY, J.—On April 26, 1898, appellee Edward Barnes executed to appellant his individual note for $198, due November 1, 1898, and on the same day both appellees executed a written guaranty that Edward's said note should be paid. This action is brought on said guaranty. It is alleged in the complaint that the note guaranteed was the separate note and undertaking of Edward Barnes, and that the note provided for the payment of attorneys' fees; that this stipulation was embraced within the guaranty, and that $25 was a reasonable fee for plaintiff's attorney. Four several and separate answers were filed by the appellees, each admitting the execution of the guaranty sued on, and that $25 would be a reasonable fee for plaintiff's attorney if it should be found that the plaintiff was entitled to recover, and setting up no consideration, and failure of consideration, in various forms, as a defense. Edward Barnes also filed a further separate answer of set-off in which he averred that the contract sued on was executed as a surety for the payment of his individual note, and that appellant was indebted to him in the sum of $462 for cash paid on account, and for which he had not received credit. A denial and one paragraph of affirmative matter in reply put the case at issue. Trial by jury, and verdict and judgment for Edward Barnes on his set-off. Appellant's motion for a new trial was overruled.

The court sustained appellees' motion for the right to open and close the evidence and argument to the jury, which presents the first question argued. It will be recalled that in each of their answers appellees admitted the execution of the contract sued on, and that appellant's claim of $25 for attorney's fees was just and reasonable if it was found that it was entitled to recover at all. As the issue stood at the opening of the trial, the plaintiff was entitled to judgment for everything it asked unless the defendants succeeded in proving, by a fair preponderance of the evidence, the affirmative matter set up in avoidance. The

party having the burden of proof is entitled to the open and close, and, when it is not necessary for the plaintiff to introduce any evidence to entitle him to recover, the burden of proof is upon the defendant to prove his affirmative defense. *Lindley* v. *Sullivan,* 133 Ind. 588, 591; *Indiana State Board, etc.,* v. *Gray,* 54 Ind. 91; *Meikel* v. *State Sav. Institution,* 36 Ind. 355. There was no error in awarding appellees the open and close.

The correctness of the eighth instruction to the jury is challenged. It relates to the set-off pleaded by Edward Barnes, and in substance informed the jury that the defendant Edward Barnes had filed his separate plea of set-off, in which he had alleged that the plaintiff was indebted to him individually on account, as set forth in the plea, in the sum of $462; that the burden was upon this defendant to establish by a fair preponderance of the evidence all the material averments of his said plea, and if he had proved by such preponderance that the plaintiff was indebted to him on account of the matters set out in the plea, then the amount found due him from the plaintiff, if any, should be set off against any amount found due the plaintiff from the defendants. If there should be more due said defendant from the plaintiff than found due the plaintiff from the defendants, then he is entitled to a verdict against the plaintiff for the excess. And if the defendants are not indebted to the plaintiff at all, and the plaintiff is indebted to the defendant Edward Barnes on his said matters of set-off, they should return their verdict in his favor for whatever sum they found due him by a fair preponderance of the evidence. The objection urged against this instruction is that it failed to charge the jury that as a fundamental right to a set-off against the plaintiff's demand against the two defendants, it was incumbent upon Edward Barnes to prove that he was the principal and his codefendant his surety on the guaranteed note described in the complaint. It would have been proper

Long & Allstatter Co. *v.* Barnes.

for the court to have gone to the extent contended for by appellant, but we are not prepared to say it was the court's duty to do it. In his plea of set-off Edward Barnes averred that the contract sued on was executed as a security for the payment of his individual note. This was equivalent to saying that his brother's relation to the contract sued on was that of a surety for him. In the instruction complained of the jury was told that to recover upon his plea of set-off it was incumbent upon Edward Barnes to prove by a fair preponderance of the evidence all the material averments thereof. As expressed in general terms, this was correct. Because the court did not specify what constituted the material averments did not make the instruction bad. *Hinshaw* v. *State,* 147 Ind. 334, 381; *Baltimore, etc., R. Co.* v. *Conoyer,* 149 Ind. 524, 528. Another view: It is not claimed for the contract in suit that it is anything else than a collateral undertaking as a security for the payment of the separate note of Edward Barnes, and it is so alleged in the complaint. In the very nature of the transaction, the obligors of the collateral agreement must necessarily sustain the relation of sureties to the obligor in the note secured. We can not, therefore, perceive how the appellant can be injured by the failure of the court to instruct the jury that they should find as a fact that which it not only admitted, but asserted in its complaint to be a fact.

The evidence is conflicting, but it was the exclusive province of the jury to weigh it, and we have no power to disturb the result reached by them.

Judgment affirmed.