## SUPREME TRIBE OF BEN HUR v. BASTIAN.

[No. 12,118.   Filed March 31, 1926.   Rehearing denied June 29, 1926.   Transfer denied November 19, 1926.]

1.  TRIAL.—The refusal of a requested instruction which merely stated facts before the jury was not error.   p. 329.

2.  APPEAL.—*Insurer, having pleaded a tender of the premiums paid and case tried on theory that such tender was necessary, cannot contend, on appeal, that it was unnecessary.*—Where, in an action on an insurance policy, the insurer filed four paragraphs of answer and a cross-complaint alleging misrepresentations as to age and asking cancellation of the policy, in each of which it alleged that the premiums paid had been tendered to the beneficiary, and the case was tried and instructions given on the theory that such tender was necessary, it cannot, on appeal, contend that such tender was unnecessary.   p. 330.

3.  APPEAL.—*Error in submitting to jury issue of whether insurer made tender of premiums paid within reasonable time held harmless when such tender was not made in reasonable time.*— Although error to submit to the jury the issue of whether the

insurer made a tender of the premiums paid within a reasonable time after being put on inquiry as to whether insured was under the prescribed age when his benefit certificate was issued, such error was harmless when the tender was not made within a reasonable time. p. 331.

4. INSURANCE.—*Insurer's delay in tendering, back premiums after being put on inquiry as to whether insured was of insurable age held unreasonable.*—The delay of an insurance association in tendering to beneficiary the premiums paid for 140 days after proof of death and eighty days after affidavit that date of birth of insured given therein was incorrect, held unreasonable. p. 331.

5. EVIDENCE.—*Parol evidence of contents of birth page of Bible properly excluded when the book was in court.*—Parol evidence of the contents of the birth page of a family Bible properly excluded where the book was in court in the hands of the party offering the evidence, since the book itself was the best evidence of its contents. p. 331.

6. APPEAL.—*Trial by court of equitable issue stated in a cross-complaint waived by failure to object to submission to jury.*— Where the issue joined on an equitable cross-complaint for the cancellation of a contract was submitted to jury for trial without objection by appellant, and without any motion or request that the court try the equity side of the case, and the motion for a new trial raised no question as to submitting such issue to the jury, trial by the court of the equitable issue was thereby waived. p. 332.

From Sullivan Circuit Court; *Walter F. Wood,* Judge.

Action on a benefit certificate by Lulie F. Bastian against the Supreme Tribe of Ben Hur, in which the latter filed a cross-complaint asking the cancellation of the certificate. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Lindley & Bedwell* and *Thomas F. O'Mara,* for appellant.

*Daniel V. Miller, Frank A. Kelley* and *Charles A. Hunt,* for appellee.

NICHOLS, C. J.—Action by appellee, filed in the Superior Court of Vigo county, Indiana, and subsequently venued to and tried in Sullivan Circuit Court, upon a policy of insurance known as a benefit certificate issued

by appellant. Appellant, by answers resisted the ac-
tion on the ground that the deceased, Luther Bastian,
the insured member, was not sixteen years of age as
represented and warranted in his application at the time
of applying for insurance, but was only fifteen years of
age, an age at which the by-laws of appellant forbade
applicants to be insured, and, for the same reasons, by
its cross-complaint, it sought a cancellation of the cer-
tificate.

(1) The jury returned a verdict for appellee in the
sum of $1,328.65, and also finding against appellant, on
its cross-complaint.

(2) The court overruled appellant's motion for a new
trial and rendered judgment on the verdict for appellee
and against appellant in the sum of $1,328.65.

The errors presented and relied upon for reversal are
that the court erred in overruling appellant's motion for
a new trial; in rendering judgment in favor of appel-
lee and against appellant for $1,328.65, without any
finding having been made upon appellant's cross-
complaint; and that the court had no jurisdiction to
render a judgment in favor of appellee and against ap-
pellant until the court had made a finding upon the issue
joined on the appellant's cross-complaint and appellee's
answer thereto.

Presenting that the court erred in overruling its mo-
tion for a new trial, appellant earnestly contends that
it was reversible error for the court to refuse to
1.  give its tendered instruction No. 3. This in-
struction would have informed the jury that the
evidence was undisputed that the application of the
insured was a part of the contract of insurance, and it
set out therein clauses 1, 3, and 9, which, in substance,
stated that the warranties therein made and the laws
of the Supreme Tribe then and thereafter in force were
the basis of the contract, and that any untrue or fraudu-

lent statement vitiated the policy and forfeited all payments made thereon, and that the contract was binding upon the beneficiary.   There was no application of these facts so stated to any law of the case.   There was simply a statement of undisputed evidence.   The contract, including the application, had been read to the jury, and it was fully informed of these clauses of the application.   While it might not have been error for the court to give the instruction, it certainly was not error for the court to refuse to restate to the jury what it already had before it.

Instruction No. 3 given by the court informed the jury that if it found that the insured was under sixteen years of age at the time the insurance certificate was issued to him, then appellant would have a right to have the certificate surrendered upon tendering the total amount of all moneys paid for such certificate, within a reasonable time.   Instruction No. 9 informed the jury that before appellant would be entitled to a surrender of the certificate because of breach of warranty, or misrepresentations, it must, within a reasonable time, tender to the beneficiary the total amount of the premiums or assessments paid.   Appellant now contends that actual fraud was averred, and that, under the terms of the contract of insurance, where there is actual fraud on the part of the insured, the premiums need not be tendered back.   But appellant filed four paragraphs of answer and a cross-complaint in each of which it averred that it had tendered back the amount paid for the certificate by way of premiums or assessments, and that it had ever since been ready and willing to pay back such premiums or assessments.   Clearly it understood that it was incumbent upon it to make a tender of all moneys paid to it on the certificate, and it so acted and answered accordingly.   It followed up these answers by the tender

of instructions, not to the effect that no tender was required, but as to what was required of appellant in order to make its tender good. Having formed the issues and tried the case on the theory that it was required to make a tender, it may not for the first time in this court be heard to say that no tender was necessary.

If it be conceded that the facts were undisputed, and that the court erred in its instruction No. 10, in submitting to the jury the question as to whether appellant made a tender of premiums or assessments received within a reasonable time, appellant was not harmed thereby. Proof of death was made October 12, 1918, by which it appeared that the insured was born February 26, 1898. By this it appeared that the insured was not of insurable age at the time his certificate was issued to him, and appellant was thereupon put on inquiry as to the correct age of the insured. On December 11, 1918, appellee filed an affidavit with appellant in which she stated that she had inadvertently given the date of the birth of the insured as February 26, 1898, which was incorrect, and that the true date of birth was February 26, 1897. The tender was not made until March 1, 1919, or 140 days after the proof of death was filed, and eighty days after appellee's affidavit was filed. Conceding, as appellant contends, that the question of whether the delay in making the tender was unreasonable was for the court, this court holds that it was unreasonable. Having reached this conclusion, we do not need to consider further instructions as to the sufficiency of the tender.

There was no error in excluding parol evidence of the contents of the birth page of appellee's Bible, the book being in court and in the hands of appellant. The book itself was the best evidence of its contents.

Finally, appellant complains that the court erred in rendering judgment in favor of appellee without any finding by the court upon appellant's cross-complaint, such cross-complaint being for the cancellation of the insurance contract, and, therefore, in equity.  But, without objection by appellant, the issues joined on the cross-complaint were submitted to the jury for trial.  There was no motion by either party that the court try the equity side of the case.  The verdict of the jury was for appellee in the sum of $1,328.65, and against appellant on its cross-complaint.  This verdict was received by the court without objection by appellant.  In appellant's motion for a new trial, there was no reason therefor calling attention of the court to the fact that the court had erred in submitting the issues joined on the cross-complaint to the jury.  A trial by the court of the equitable issue was thereby waived.  §437 Burns 1926, §418 Burns 1914; *Ross, Admr.,* v. *Hobson* (1891), 131 Ind. 166, 172, 26 N. E. 775; *Sheets* v. *Bray* (1890), 125 Ind. 33, 36, 24 N. E. 357; *Lindley* v. *Sullivan* (1893), 133 Ind. 588, 32 N. E. 738, 33 N. E. 361; 2 Watson, Revision Works' Practice §1527 *et seq.*

We find no reversible error.  Affirmed.