AMERICAN TELEPHONE AND TELEGRAPH COMPANY *v.*
SMYSER.

[No. 18,162.  Filed December 2, 1951.]

*Kenner, Carlson & Gordon,* of Huntington, and *Frank W. Shelton, Jr.,* of Cleveland, Ohio, for appellant.

*Lee M. Bowers, Arthur J. Palmer;* and *Bowers, Feightner & Palmer,* all of Huntington, for appellee.

CRUMPACKER, J.—The appellant is the owner of a small pick-up truck which was being driven in a northerly direction on State Highway 5 in Huntington

County, Indiana, when it was overtaken and struck in the rear by a truck operated by the appellee. Alleging that the appellee was negligent in the manner in which his truck was operated and that such negligence was the sole cause of the collision, the appellant brought this suit to recover resulting damages but was denied relief and this appeal followed. The appellant briefs three grounds for reversal but on the oral presentation of its case to this court it specifically abandoned one of them. Of the two remaining the first complains of the court's refusal to give the following instruction:

"I instruct you that the law requires that one driving for another as his agent, is required to exercise reasonable diligence, care and foresight in the use of his faculties of sight and hearing for the protection of his master's property, and in order to keep from doing damage to the property of others using the public highways, and if it is shown by the evidence that such driver fails to exercise reasonable care in the employment of these senses, and as a direct result thereof the property of another is injured, then the master would be liable for such damages, if any, if the injured party was not itself guilty of negligence contributing thereto."

The appellant contends that this instruction is a correct statement of the law, is applicable to the facts and issues, and its subject matter is not covered by any other instruction given by the court and therefore its refusal was error. We are constrained to reject this contention. The instruction embodies matter not in issue. The complaint predicates no negligence on the failure of the appellee's driver to make reasonable use of his sense of hearing nor does the evidence disclose a failure to do so, or that such a failure could have been, in any event, the proximate cause of the collision. It also seems to us that, by including in

the instruction the duty of the appellee's driver to use reasonable care for the protection of his employer's property, the jury might have been confused or led to believe that said driver's negligence in that respect, if any, had some bearing on the appellant's right to recover. In our opinion the instruction was properly refused. *Aetna Life Insurance Company* v. *Nexsen* (1882), 84 Ind. 347; *Conder* v. *Griffith* (1916), 61 Ind. App. 218, 111 N. E. 816; *Lindley* v. *Sullivan* (1893), 133 Ind. 588, 32 N. E. 738, 33 N. E. 361; *Kempf* v. *Himsel* (1951), 121 Ind. App. 488, 98 N. E. 2d 200.

The appellant next contends that the undisputed evidence shows that the sole proximate cause of the accident in controversy was the appellee's violation of the following statute:

> "(a)  The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.
>
> "(b)  The driver of any motor truck . . ., when traveling upon a roadway outside of a business or resident district shall not follow within one hundred and fifty (150) feet of another motor truck. . . . The provisions of this subsection shall not be construed to prevent overtaking and passing . . . ." Burns' Stat., § 47-2019.

The accident happened on a fill leading to a bridge across the Wabash River from the south. The pavement along this fill was 20 feet wide with a three foot berm and a guard rail on each side. The day was bright and clear and the pavement dry. The appellant's truck was proceeding north at a speed of from 10 to 20 miles per hour and according to the evidence most favorable to the appellee his truck was being driven at a speed of about 30 miles per hour. There is

nothing in this situation that indicates, as a matter of law, that the appellee was following the appellant "more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the condition of the way." (a) *supra*.

The appellant's contention that the undisputed evidence shows negligence on the part of the appellee in failing to remain 150 feet or more to the rear in following the appellant along the highway is based on the following bits of evidence:

> Q. "Now Mr. Smyser it is a fact however, as you came down back of this truck it was your purpose to go around him and you were going to pass him on the left?"
> A. "No sir, I did not think of passing him."
> Q. "But you kept following him all this time and it wasn't your intention of passing him at all, that is correct isn't it?"
> A. "Yes sir."

Under these circumstances, the appellant says, it was the statutory duty of the appellee to stay 150 feet or more behind its truck and his failure to do so was negligence per se. (b) *supra*. The above evidence, standing alone, supports the appellant's contention but it must be considered in connection with the following evidence favorable to the appellee:

The appellant company was doing maintenance work in the neighborhood and had some materials or equipment placed along the side of the highway at or near the point of the accident. As the appellant's driver approached the site of these materials he slowed down and drove off, or partially off, the highway to the right. It was then that the appellee decided to pass him and as he attempted to do so the appellant's truck, without warning, was turned back onto

the highway. A car approaching from the north prevented the appellee from utilizing the left side of the road and as a result the accident occurred. On this state of the record we cannot say that reasonable men are forced to the conclusion that the appellee was negligent in failing to remain 150 feet back of the appellant's truck and that the appellant was free from contributory negligence in turning back upon the highway without warning. Both of such conclusions must be inescapable if the judgment is to be reversed on the facts. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 2d 925.