Filed May 26, 1892.

---

No. 573.

### STARNES ET AL. *v.* SCHOFIELD ET AL.

PROMISSORY NOTE.—*Attorney Fees, Amount of Recovery of.*—A provision in a note providing for attorney fees is only an agreement to indemnify the holder against the payment of such fees in collecting the note, and the holder can recover there under only such reasonable and necessary fees as he has been compelled to pay, or for which he has become liable.

SAME.—*Proof of Amount of Attorney's Fees.*—Unless the amount of the attorney's fees is specified in the note, the holder of such note must prove · what a reasonable fee would be to make the collection, and his recovery must be measured accordingly.

SAME.—*Attorney's Fees, Allegations of Value of.*—If a note provides for attorney fees, without specifying the amount, it is sufficient to allege the breach of the contract, and to state the damages generally, without specifically alleging the value of the services necessarily rendered in the collection of the note.

BILL OF EXCEPTIONS.—*Time of Filing.*—*Recital that it was Filed in Time, Specific Dates Contradicting.*—The recitation in a bill of exceptions that it was approved and filed within the time granted is not sufficient to overcome the specific dates in the record showing that such was not the case.

PRACTICE.—*Opening and Close of Argument.*—Unless the plaintiff is entitled to recover his entire demand upon the pleadings, without evidence, he shall be entitled to open and close.

SAME.—*Appellant Must Affirmatively Show Error.*—It is incumbent on appellant to show affirmatively by the record that some material error was prejudicial to him before the judgment will be reversed.

INSTRUCTIONS.—*Filing.*—*Bill of Exceptions.*—The record must show affirmatively that the instructions given and excepted to were filed, or they must be brought into the record by a bill of exceptions.

From the Owen Circuit Court.

*I. H. Fowler* and *W. A. Pickens*, for appellants.

*G. W. Spahr* and *J. O. Spahr*, for appellees.

CRUMPACKER, J.—This action was brought by appellees against appellants upon a promissory note. The answer alleged that the note was given for the purchase of a horse, which was expressly warranted in certain particulars; that the horse did not fulfill the warranty, whereby appellants sustained damages, which they asked to have recouped from the note.

There was a verdict in favor of appellees for the full amount of the note and attorney's fees, upon which judgment was duly rendered.

It is first insisted that the amount of the recovery was too large, in that it included attorney's fees. The complaint failed to allege the employment of attorneys or that appellees incurred any expense or liability in the collection of the

note. A copy of the note was incorporated in the complaint, and it expressly provides for the unconditional payment of attorney's fees. Such provision amounts to an agreement to indemnify the holder against the payment of attorney's fees in collecting the note, and the holder can recover thereunder only such reasonable and necessary fees as he has been compelled to pay or has become liable for.

Unless the amount of the attorney's fees is specified in the note, before the holder can recover, he is required to prove what a reasonable fee would be to make the collection, and his recovery will be measured accordingly. But the complaint claimed damages generally in a sum sufficient to cover the amount of the note and attorney's fees, and when this is the case, in an action upon a contract expressly providing for the payment of damages or indemnity, proof may be made and recovery had for the damages directly sustained without special allegations. Thus it was said by the court in *Harvey* v. *Baldwin*, 124 Ind. 59: "As the note provides for the payment of attorney's fees, it was enough to allege the breach of the contract, and state the damages generally; for where damages are expressly provided for in a contract they need not be laid as special damages."

It follows that the recovery was not too great.

It is next maintained that the court erred in allowing appellees the opening and closing of the cause. The rule is that unless the plaintiff is entitled to recover his entire demand upon the pleadings, without evidence, he shall be entitled to open and close. As has been noticed, appellees were required to prove their attorney's fees, and therefore had the right to open and close. *Reynolds* v. *Baldwin*, 93 Ind. 57.

A number of questions relating to the admission and exclusion of evidence are discussed by counsel for appellants, but the point is made upon the other side that the evidence is not in the record. It appears by the record that the final order was entered in the cause on the 9th day of April, 1891,

at which time appellants were given ninety days in which to file a general bill of exceptions embracing the evidence. This was not approved or filed until the 16th day of July, 1891, ninety-eight days after the order granting the time, and there is no evidence that it was presented to the trial judge for examination before that date.

Although the bill of exceptions recites generally that it was approved and filed within the time granted, the specific dates show this was not the case, and the general recital must yield to the special disclosures, consequently the evidence can not be regarded as part of the record, and we are not authorized to consider any question in relation thereto. It is incumbent upon appellants to show affirmatively by the record some material error prejudicial to them, or the action of the court will be presumed correct, and the judgment upheld. Some of the evidence offered by appellants and rejected by the court is in the record by special bills of exception, but we are unable to say any material error occurred in excluding it without having before us all the evidence upon the subject.

Complaint is also made of the action of the court in giving and refusing instructions. The instructions are not brought into the record by bill of exceptions, nor does the record show they were filed. It has been repeatedly held that instructions can only be made part of the record by bill of exceptions or by endorsing exceptions thereon and filing them, and under the latter method the record must affirmatively show the filing. *Silver* v. *Parr*, 115 Ind. 113; *Childress* v. *Callender*, 108 Ind. 394; *Landwerlen* v. *Wheeler*, 106 Ind. 523.

We discover no error in the record.

Judgment affirmed.

Filed May 25, 1892.