**MORRIS v. CHESAPEAKE & OHIO RY. CO.**

No. 9565.

United States Court of Appeals
Seventh Circuit.

Dec. 14, 1948.

Rehearing Denied Jan. 10, 1949.

Albert H. Cole, of Peru, Ind., for appellant.

Harry K. Cuthbertson and Hugh G. Freeland, both of Peru, Ind., and Gilmore S. Haynie and Alexander M. Campbell, U.S. Attys., both of Fort Wayne, Ind., for appellee.

Before KERNER and SPARKS, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Defendant appeals from a judgment which ordered it to place the name of plaintiff on its seniority list of train dispatchers before the name of one H. E. Middlekauf, and that it assign to plaintiff the seniority date on said list of June 3, 1945. The action arose with plaintiff's petition for enforcement of his rights under the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 301 et seq. The cause was heard by the court without a jury. Thereafter the court submitted an opinion, its findings of fact and its conclusions of law. D.C., 75 F.Supp. 429.

The relevant facts are that plaintiff entered the employ of defendant on January 12, 1940 as a telegrapher in Peru, Indiana. He continued to occupy this position until July 26, 1944, at which time he was inducted into the United States Navy. He received an honorable discharge from the Navy on May 17, 1946, and, pursuant to the law invoked, he made timely application for and was permitted, on June 7, 1946, to resume his employment with defendant as a telegrapher. Subsequently, plaintiff, after taking an examination for train dispatcher with defendant, a position superior to that of telegrapher, was certified and promoted to the position of dispatcher on August 3, 1946. Thereafter plaintiff notified defendant that he claimed seniority as train dispatcher from June 3, 1945, which claim defendant denied.

The court found as a fact that in filling vacancies in positions of train dispatchers with defendant it was customary and pursuant to an agreement with the Agents, Telegraphers, Telephone Operators and Leverman Union No. 8 of which plaintiff was a member during his employment as a telegrapher, to advertise to all employees on the present telegraphers' seniority territory. Any vacancy was always offered first to the telegrapher in the territory involved who had the highest seniority. If he did not bid for the position or if he failed to pass the required examination or to qualify, the telegrapher with the next highest seniority was given the same opportunity. This continued until the position was filled. While plaintiff was in military service four vacancies in the train dispatchers' positions occurred in the Peru territory.

580

No advertisements of the first three vacancies were sent to plaintiff and as a result he was not given the opportunity to qualify for these positions. Two of the three positions as train dispatchers were filled by telegraphers whose seniority as telegraphers was listed below plaintiff's name. Of these two, H. E. Middlekauf was senior, and his seniority as train dispatcher was dated as of June 3, 1945, the date on which the judgment appealed from ordered that defendant place the name of plaintiff on its seniority list of dispatchers and before that of H. E. Middlekauf. The plaintiff was notified of the fourth vacancy when he received an advertisement from the local chairman of the Order of Railroad Telegraphers. This was the custom of notification. The plaintiff, after notification, and while still in military service, sent in his bid. His examination, certification and promotion to the position of dispatcher occurred after he had resumed his employment with defendant. Rules 5(a) and (b) of the agreement between defendant and the Train Dispatchers Union No. 4, of which plaintiff became a member when he was promoted to dispatcher, provide that "Seniority as dispatcher will date from date employee passes the required examination and qualifies as dispatcher. * * * In filling vacancies in positions as dispatcher seniority shall be observed and the senior applicant will be given the position if he has the necessary ability."

The issue is, can a qualified veteran who was returned to the position he left demand and receive by the authority of the Act the seniority in a better position which was acquired by a non-veteran with less seniority in the first position while the veteran was in service.

The District Judge determined this issue in favor of the veteran and we agree with his conclusion in the light of the instant facts that plaintiff had the right as an attribute of his position as telegrapher to bid for an advertised dispatcher's position, and that his military service legally excused him from his failure to bid for the two vacancies filled while he was in service by two men who were junior to him on the telegraphers' seniority roster.

We hereby adopt the opinion of Judge Swygert as the opinion of this court. We feel compelled, however, to discuss Raulins v. Memphis Union Station Co., 6 Cir., 168 F.2d 466, which was decided subsequent to the time this case was decided by the District Court, and which defendant's counsel told us in oral argument was his strongest case.

In that case the relevant facts were that two veterans were returned to their positions as electrician-helpers. Subsequently they were promoted to the positions of electricians, but their seniority status as electricians was junior to that of two non-veterans who had been junior to the veterans on the electrician-helpers' seniority roster and who were promoted to the positions of electricians while the appellants were in service. When the veterans later were demoted to the positions of electrician-helpers on the basis of seniority while the non-veterans were retained as electricians, they brought their actions under the Act to be restored to the better positions. It appeared that a collective bargaining agreement between the union and the company was in existence which provided in part that preference in filling vacancies was to be given to the employees with the most seniority who showed sufficient ability after a fair trial. The court held that the terms of this union agreement did not make promotion from electrician-helper to electrician an automatic one, and that it was not the custom that the electricians must come from the ranks of the electrician-helpers, because the evidence showed that two men who were not electrician-helpers were employed during the war as electricians.

In our case the factual situation is materially different. Both the terms of the union agreement and the custom decreed that the dispatchers be taken after qualification according to their seniority from the telegraphers' roster. To hold in this case that Morris should have qualified as a dispatcher before he did, would circumvent the spirit and purpose of the Act and the words of the Supreme Court.

The judgment of the District Court is affirmed.