Paul R. WILSON

v.

ILLINOIS CENTRAL RAILROAD COMPANY, a corporation.

No. 56 C 919.

United States District Court
N. D. Illinois.
Jan. 16, 1957.

R. Tieken, U. S. Atty., Nicholas G. Manos, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

H. J. Deany, Robert S. Kirby, Chicago, Ill., for defendant.

HOFFMAN, District Judge.

This action has been considered upon the defendant's motion to dismiss the complaint under the provisions of Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

The action was brought to redress an alleged violation of the Universal Military Training and Service Act, as amended, 50 U.S.C.A.Appendix, § 459, 62 Stat. 614, Act June 24, 1948, and, more particularly, to compel the defendant, as the plaintiff's employer, to recognize the plaintiff's re-employment rights as a veteran by restoring him to the seniority status he would have occupied if he had not served in the armed forces.

In support of his claim, the plaintiff relies upon Section 9(c) (1) of the Universal Military Training and Service Act, which provides:

"Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) [of this section] shall be considered as having been on furlough or leave of absence during his period of training and service in the armed forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, and shall not be discharged from such position without cause within one year after such restoration." 50 U.S.C.A.Appendix, § 459(c) (1).

Briefly summarized, the plaintiff's complaint alleges that he was employed as a laborer by the defendant on February 1, 1950, and left this position in order to enter upon military training and service on December 6, 1950. He was honorably discharged, it is alleged, on November 22, 1952, and within the 90-day period provided by the Act applied for re-employment in compliance with all conditions and requirements of Section 9.

On December 1, 1952, the complaint continues, the plaintiff was reinstated by the defendant in the position of a carman helper rather than in his former capacity as a laborer. The position of carman helper, it is alleged, is superior to that of the laborer in the line of promotion established by defendant's employment policies. It was the defendant's established and consistent practice, the plaintiff avers, to advance laborers to open positions as carmen helpers in

strict accordance with their seniority as laborers. Under this practice, the plaintiff had become eligible for promotion to carman helper on January 20, 1951, while he was absent in military service. Upon his return from service, the complaint states, he was accordingly employed in this advanced position with the standing upon the scale of seniority he would have enjoyed had he remained on the job; that is, with seniority as a carman helper dating from January 20, 1951, when he would have assumed that position.

On January 16, 1953, the plaintiff alleges, the defendant changed the plaintiff's seniority date as a carman helper from January 20, 1951, the date first assigned, to December 1, 1952, the date of plaintiff's re-employment after his release from service. As a result of this reduction in plaintiff's seniority, he claims that in the course of a subsequent reduction in force he was demoted from the position of carman helper to an inferior position at a lower rate of pay.

The gist of the claim, therefore, is that the defendant, in adjusting plaintiff's seniority from the date of his eligibility for promotion to carman helper to the date of his re-employment, failed to restore him to employment "without loss of seniority" as required by Section 9(c) (1) of the Act.

The defendant's motion attacks the sufficiency of the complaint upon six grounds. These grounds, condensed and summarized, amount to contentions that the alleged practice of promoting laborers to carmen helpers in accordance with seniority is not within the purview of the Act, and that the allegations of the practice do not, therefore, establish a cause of action under the Act; that the complaint contains conclusions of the pleader; and that the allegations are vague, indefinite, and uncertain.

■■ Considering first the branch of the defendant's motion that attacks the legal sufficiency of the complaint, we note that under the practice laid down by the Federal Rules of Civil Procedure disposition of cases solely upon the pleadings is not encouraged. The office of the motion to dismiss under Rule 12(b) (6) is simply to test whether the allegations of the complaint, liberally construed, are sufficient to make admissible enough evidence to support a verdict for the plaintiff. No technical form of pleading is required so long as the claim is stated briefly and plainly. If the plaintiff could recover upon any state of facts which might be proved under the allegations as laid, the complaint states a claim upon which relief can be granted and the motion must be denied. See Mullen v. Fitz Simons & Connell Dredge & Dock Co., 7 Cir., 1949, 172 F.2d 601, certiorari denied 1949, 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758.

■ The defendant argues that the complaint does not allege that any contract to which it is a party establishes a right of a senior laborer to be promoted to carman helper, and that the alleged practice to that effect is not within the purview of the act. Both the purpose of Congress and judicial interpretation refute this claim. In Section 9(c) (2) of the Act it is provided:

"It is hereby declared to be the sense of the Congress that any person who is restored to a position in accordance with the provisions of [this Section] should be so restored in such manner as to give him such status in his employment as he would have enjoyed if he had continued in such employment continuously from the time of his entering the armed forces until the time of his restoration to such employment." 50 U.S.C.A.Appendix, § 459(c) (2).

■ Whether the status which would have been attained if the employee had remained on the job would have resulted from the compulsions of a legally binding collective bargaining contract, from an established employment practice known to the employee which became an implied term of the employment agreement, or whether from a consistent practice followed voluntarily by the

defendant, does not affect the plaintiff's right. An established course of practice may suffice. Morris v. Chesapeake & Ohio Ry. Co., 7 Cir., 1949, 171 F.2d 579. The plaintiff claims that under this practice seniority as a laborer determines promotion to the position of carman helper, and that seniority as a carman helper determined the right to retain that position upon a reduction in force. Whether the alleged practice of promotion is sufficiently settled to link the two positions in a single chain of seniority, or whether the two positions are so far separate that no loss of seniority is involved, must be determined upon the basis of evidence of the practice, and not upon the bare allegations of the complaint. See Hewitt v. System Federation No. 152, 7 Cir., 1947, 161 F.2d 545; Diehl v. Lehigh Valley R. R., 1955, 348 U.S. 960, 75 S.Ct. 521, 99 L.Ed. 749, reversing per curiam 3 Cir., 1955, 211 F.2d 95.

The defendant relies upon authorities holding that the Act does not confer upon the returning veteran immunity from layoffs or a reduction in force based upon seniority. Fishgold v. Sullivan Drydock & Repair Corp., 1946, 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230. But here the plaintiff complains not of a layoff in accordance with what he believes to be his proper seniority, but rather of a demotion resulting from a reduction in force and directly attributable to the claimed wrongful denial of seniority rights.

■ The defendant's argument that the complaint must be dismissed upon the ground that it contains conclusions of the pleader is without merit. Conclusions, ultimate facts, and evidentiary facts as employed in state pleading systems signify only a descending order of generality of allegation. What detail is required is a matter of the context of the fact, and of its relevancy to the heart of the litigation. It is not the function of the complaint alone to assist the defendant in its preparation for trial.

"* * * Whether these charges be called 'allegations of fact' or 'mere conclusions of the pleader,' we hold that they must be taken into account in deciding whether the Government is entitled to have its case tried." United States v. Employing Plasterers Ass'n, 1954, 347 U.S. 186, 74 S.Ct. 452, 454, 98 L.Ed. 618. See also Boerstler v. American Medical Ass'n, D.C.N.D.Ill.1954, 16 F.R.D. 437, 443.

■ The same considerations control the defendant's contention that the complaint is vague, indefinite, and uncertain. Want of detail in a pleading is not a fatal vice so long as the complaint is not "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Rule 12(e), Federal Rules of Civil Procedure. The complaint here attached, while not a model of verbal precision, is sufficient to apprise the defendant of enough to permit it to file an answer. See Rudolph Wurlitzer Co. v. Atol, D.C.D.Minn.1952, 12 F.R.D. 173.

■ The defendant's brief suggests that the plaintiff's claim may be barred by laches. No motion to dismiss upon this ground has been presented. Laches is, under Rule 8(c), an affirmative defense to be pleaded by the defendant in his answer. Where the bar of the passage of time clearly appears upon the face of the complaint, the defense has been considered upon a motion to dismiss. See Berry v. Chrysler Corp., 6 Cir., 1945, 150 F.2d 1002. But the allegations of this complaint do not establish the defense. Consideration must accordingly await the orderly presentation of laches by the filing of the answer. See Topping v. Fry, 7 Cir., 1945, 147 F.2d 715.

The defendant's motion to dismiss is accordingly denied.