**Samuel J. TEMPERATO, Plaintiff,**

v.

**Roy C. RAINBOLT, Defendant.**

**Civ. No. 3887.**

United States District Court
E. D. Illinois.

Oct. 28, 1957.

See also 22 F.R.D. 57.

Blumenfeld & Abrams, St. Louis, Mo., Baker, Kagy & Wagner, East St. Louis, Ill., for plaintiff.

Zeno Middleton, East St. Louis, Ill., Dreman & Sterling, Belleville, Ill., for defendant.

JUERGENS, District Judge.

The complaint alleges that on or about May 25, 1950, defendant contracted with one W. J. Lanahan for license and franchise owned by Lanahan for the use, among other things, of the trade name "Dairy Queen"; the franchise to be used within a specified territory. Defendant agreed, among other things, to construct a building in accordance with blueprints. and to manufacture, prepare, and sell ice cream or frozen dairy products. The defendant further agreed that he would not use any other type or name of ice cream in the prescribed territory during the life of the contract which was for a ten year period, without written permission of Lanahan. Thereafter, Lanahan transferred his rights in the contract to the plaintiff in this suit, Samuel J. Temperato. Notwithstanding the above contract, the defendant engaged in a business within the above territory in competition with the plaintiff and further refused, and still refuses, to pay royalties on the product sold as "Dairy Queen" as provided by the contract. Wherefore, plaintiff prays damages. The complaint also alleges that the plaintiff and his predecessor have spent considerable sums of money in advertising the name "Dairy Queen", inspecting the buildings, and generally insuring that the places where "Dairy Queen" is sold are clean and attractive. Other sums of money have been spent by plaintiff and his predecessor in the development of the mix used in the manufacture of "Dairy Queen" and in creating uniform design of products and containers. That as a result, the name "Dairy Queen" has become associated in the minds of the public with a uniform product of high quality and sold only at approved stores. That the trade name "Dairy Queen" has acquired a secondary significance in the minds of the public. That on or about March 1, 1957, and continuously thereafter, the defendant has manufactured in the above mentioned building a product similar to the plaintiff's product for which the defendant has used the trade name "Dairy Cream" for advertising and sale of the products, which name bears a confusing similarity to the plaintiff's trade name "Dairy Queen". That the defendant has been notified of plaintiff's objection to the use of the trade name "Dairy Cream" but defendant continues to use the above name in direct competition with plaintiff's products. Wherefore, plaintiff prays this court to issue an injunction restraining and enjoining the defendant, his agents and servants, and employees, from infringing the trade name "Dairy Queen" by the use of the name of "Dairy Cream" or any name similarly confusing to "Dairy Queen" and from selling to the public soft or semi-frozen ice cream, ice cream custard products or anything similar to these for

the duration of the period of the contract or in the alternative for other specified relief.

The defendant filed his motion to dismiss the complaint on the grounds that it fails to state a cause of action under which the plaintiff can be granted relief against this defendant, that the alleged contract is illegal and in restraint of trade, and that this court lacks jurisdiction of the matter and that jurisdiction is exclusive to the Federal Trade Commission, and the plaintiff has not exhausted his administrative remedy.

 Under the Federal Rules of Civil Procedure, 28 U.S.C.A. it is generally held that no pleading shall be bad in substance when it reasonably informs the opposition of the nature of a claim or defense which he is called upon to defend. Rogers v. Dwight, D.C., 145 F. Supp. 537. As was said in Wilson v. Illinois Central Railroad Company, D.C., 147 F.Supp. 513, 515:

"Considering the branch of the defendant's motion that attacks the legal sufficiency of the complaint, we note that under the practice laid down by the Federal Rules of Civil Procedure disposition of cases solely upon the pleading is not encouraged. The office of the motion to dismiss under Rule 12(b) (6) is simply to test whether the allegations of the complaint, liberally construed, are sufficient to make admissible enough evidence to support a verdict for the plaintiff * * * If the plaintiff could recover upon any state of facts which might be proved under the allegations as laid, the complaint states a claim upon which relief can be granted and the motion must be denied."

The complaint here under consideration alleges the existence of a contract and the breach thereof and the court cannot say from these allegations that the plaintiff will be unable to prove his claim. The complaint further alleges unfair trade practices in the use of the name "Dairy Cream". The court cannot say with sufficient certainty, whereby the dismissal of the complaint would be warranted, that this name does not conflict with the name "Dairy Queen", especially in view of the fact that on the trial the plaintiff will be permitted to introduce other pertinent factors which taken together may constitute unfair trade competition. The court is, therefore, of the opinion that the motion to dismiss for failure to state a cause of action should be denied.

 The contention that the alleged contract is illegal and in restraint of trade does not appear on the face of the complaint. Therefore, a dismissal upon this ground should be denied.

 The defendant's contention that this court lacks jurisdiction since jurisdiction rests exclusively with the Federal Trade Commission, is completely without merit. The action here is brought by the plaintiff against the defendant on the grounds of breach of contract and unfair competition, arising out of the wrongful use of a trade name.

"The remedies ordinarily available to redress or prevent infringement of trade-marks or unfair competition are common-law rather than statutory, * * * They are the ordinary and usual legal and equitable remedies * * * and are not taken away by statute providing additional or cumulative statutory remedies." 87 C.J.S. Trade-Marks, Trade-Names and Unfair Competition § 187, p. 527.

The court is of the opinion that it has jurisdiction to try the issues presented by the complaint.

The court finds that the defendant's motion to dismiss the complaint should be denied.