Phillip SKINNER, Plaintiff,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

v.

ED GEIGER CONSTRUCTION COMPANY, Inc., and Edward C. Simon Painting Company, Inc., Third-Party Defendants.

Civ. No. 4264.

United States District Court
E. D. Illinois.

June 17, 1960.

Edward Murphy, East St. Louis, Ill., for plaintiff.

Carl W. Feickert, U. S. Atty., East St. Louis, Ill., for defendant.

Oehmke, Dunham & Boman, East St. Louis, Ill., and Dreman & Sterling, Belleville, Ill., for third-party defendant Ed Geiger Const. Co., Inc.

Robert R. Schwarz, St. Louis, Mo., and Walker & Williams, East St. Louis, Ill., for third-party defendant Edward C. Simon Painting Co., Inc.

JUERGENS, District Judge.

This suit against the United States arises under the Federal Tort Claims Act, Sections 2671, 2680, and Section 1346(b), Title 28 U.S.C.A.

The plaintiff alleges, inter alia, that he is a citizen of the United States and was injured at Scott Air Force Base near Belleville, Illinois, within the jurisdiction of the United States District Court for the Eastern District of Illinois; that at all times pertinent the plaintiff was in the exercise of due care and caution for his own safety; that on the 22nd day of September, 1958, while performing his duties as a painter, plaintiff had placed a ladder against a hangar door at defendant's Scott Air Force Base and had climbed up said ladder approximately 25 feet and was in the process of painting said hangar door when it was caused to move, thereby causing the plaintiff to be thrown to the ground and injured; that the defendant was guilty of one or more negligent acts or omissions:

"(a) That at the time and place aforesaid defendant did negligently and carelessly move said hangar door when it knew, or in the exercise of ordinary care should have known, that movement of said door would cause plaintiff to be thrown to the ground and injured.

"(b) That at the time and place aforesaid defendant negligently and carelessly failed to properly maintain the opening mechanism of said hangar door thereby causing it to move and as a result thereof plaintiff was thrown to the ground and injured as hereinafter more fully set forth.

"(c) That at the time and place aforesaid defendant negligently and carelessly failed to use a proper method to keep said hangar door in a stationary position while plaintiff was painting said door.";

that as a direct and proximate result of one or more of the negligent acts or omissions, the plaintiff suffered severe and permanent injuries for which he prays damages.

In an amendment to the complaint the plaintiff alleges he was working as a painter on a ladder placed against the hangar door, which was a part of a building located on defendant's premises, and that the said hangar and hangar door were under the exclusive control of the defendant; that by and through the negligence of the defendant the hangar door was suddenly caused to be moved, throwing the plaintiff to the ground and injuring him, for which he prays damages.

The defendant, United States of America, has filed its amended third-party complaint against Ed Geiger Construction Company, Inc., and Edward C. Simon Painting Company, Inc., wherein it alleges, among other things, that the defendant and third-party plaintiff is guilty of no actionable negligence or its negligence, if any, is passive, secondary and subordinate, while the acts or omissions on the part of the third-party defendants, Ed Geiger Construction Company, Inc., and Edward C. Simon Paint-

ing Company, Inc., were primary, active and direct, and prays that in the event liability be found against the United States, then judgment be rendered over and against the third-party defendants for all sums that may be adjudged against the defendant, United States of America, in favor of the plaintiff.

The third-party defendant, Edward C. Simon Painting Company, Inc., has filed its motion to dismiss the third-party complaint as to it and states therefor the following reasons:

"(1) That said Complaint fails to state a cause of action on any grounds for which relief can be granted against this defendant.

"(2) That the Illinois Workmen's Compensation Law is a bar to said action.

"(3) That under the Illinois Workmen's Compensation Law it is essential for the plaintiff to maintain his action that he prove that both he and his employer were in the exercise of ordinary care."

■■ Considering the attack to the legal sufficiency of the complaint, it is noted that under the practice laid down by the Federal Rules of Civil Procedure disposition of cases solely upon the pleading is not encouraged. The office of the motion to dismiss under Rule 12(b) (6) is simply to test whether the allegations of the complaint, liberally construed, are sufficient to make admissible enough evidence to support a verdict for the plaintiff. If the plaintiff could recover upon any state of facts which might be proved under the allegations as laid, the complaint states a claim upon which relief can be granted and the motion must be denied. Wilson v. Illinois Central Railroad Company, D.C., 147 F.Supp. 513.

As noted above, the amended third-party complaint charges that the negligence upon which the suit against the United States is based by the original plaintiff was passive negligence merely and that the active negligence, if any exists, was that of the third-party defendants and because of that the third-

party plaintiff is entitled to recover any losses it may suffer as a result of the suit under the common law right of indemnity.

■ Under Illinois law there exists a general principle that there is no contribution among tort feasors. There are, however, exceptions to this general rule, which have been recognized by the courts of the State of Illinois and other courts and by the federal courts. One of these exceptions is here involved. That exception provides as follows: Where two parties acting together commit an illegal or wrongful act, the party injured may hold both responsible for the damage resulting from their joint act and neither can recover from the other the damages he may have paid or any part of them, but where one does the act which produces the injury and the other does not join in the act but is thereby exposed to liability and suffers damage, the latter may recover against the principal delinquent and the law will inquire into the real delinquency and place the ultimate liability upon him whose fault was the primary cause of the injury. Gulf, Mobile & Ohio R. Co. v. Arthur Dixon Transfer Co., 343 Ill.App. 148, 98 N.E.2d 783. Griffiths & Son v. National Fireproofing Co., 310 Ill. 331, 141 N.E. 739, 38 A.L.R. 559.

■ In accordance with the above authorities it is clear that Illinois law provides for a right of action to a person who is held liable for merely passive negligence and gives to him a right of action against a party guilty of active negligence in order that the ultimate loss may be fixed upon the principal wrongdoer, who may be made to respond for all damages suffered by the one less culpable, although legally liable to third persons, and the one less culpable may escape the payment of damages assessed against him by placing the ultimate loss upon the one principally liable for the injuries.

■ The Court cannot say that at the trial of this cause the third-party plaintiff will be unable to prove a cause of action against the third-party defendants;

and, accordingly, the motion to dismiss of third-party defendant, Edward C. Simon Painting Company, Inc., will be denied.

■ Part of the motion, which attacks the legal sufficiency of the complaint based on the defense of the Workmen's Compensation Law of the State of Illinois, is unfounded since in none of the pleadings nor in the motion does it appear that the Workmen's Compensation Act is involved. Accordingly, any ruling by the Court at this time on the applicability of the Illinois Workmen's Compensation Act would be premature.

At the hearings heretofore held in this matter the Court denied the plaintiff's motion for separate trial and allowed the plaintiff's objections to interrogatories submitted to him by the defendant. These motions having been disposed of, they are not again considered here.