JAMES H. MARSHALL ET AL. *v.* RUSSELL R. EWIN, INC.

[No. 1071A222. Filed May 26, 1972. Rehearing denied June 20, 1972. Transfer denied December 11, 1972.]

*John D. Clouse,* of Evansville, for appellants Marshalls, *C. W. Havill,* of Huntingburg, for appellant Holland National Bank, *Donald G. Hendrickson,* of Booneville, for appellant Huntingburg Production Credit Association.

*Scales and Long,* of Booneville, for appellee.

LOWDERMILK, J.—This is an action brought by the plaintiff-appellee in three Paragraphs of complaint, which alleged the defendant-appellants Marshall were indebted to the plaintiff-appellee under a note and mortgage, which plaintiff-

appellee was suing to foreclose and which was second and subsequent to a mortgage on the same real estate covered by a mortgage to the Holland National Bank. The defendant-appellant Huntingburg Production Credit Association is alalleged to have or claims to have an interest or claim in said premises, or a part thereof, as mortgagee, which interest or claim is subsequent to and subject to the lien of plaintiff's mortgage.

The facts of the case are as follows:

Plaintiff-appellee was engaged in the earth moving business and worked with his machinery on an hourly basis only. Plaintiff-appellee entered into an agreement with the Marshalls to preliminarily survey and then move the earth in constructing a levee to impound water in the lake for a recreational site on defendant-appellants Marshalls' farm in Warrick County, Indiana.

About a week to ten days after plaintiff-appellee and defendants Marshall had agreed that plaintiff-appellee was to do the work on an hourly basis the earth moving was begun. This was on October 4, 1968, and continued until December of 1968, when inclement weather forced stoppage of the work. Plaintiff-appellee did not again resume the work after being stopped in December of 1968 for the reason that the Marshalls wanted the slope changed and wanted to get an F.H.A. loan. Plaintiff-appellee received a copy of plans of the Soil Conservation Service (hereinafter referred to as S.C.S.).

It became necessary to employ an engineer and plaintiff-appellee secured the services of the S.C.S. engineer and when their plans were furnished to him he resumed work on October 13, 1969. These plans were different under the S.C.S. requirements than those agreed upon between the plaintiff-appellee and defendants Marshall. The new plans provided for toe drainage behind the levee, a mechanical spillway, and an additional drainage tube. This also involved additional earth moving and putting in rip-rap. It was estimated the yardage was increased by 20%.

Work was performed from October 13, 1969, through December 6, 1969, when the weather caught the contractor. Work was again resumed the latter part of February, 1970, at the request of appellants Marshall. At that time the lake had filled up with water, which was running over the center of the levee. Plaintiff-appellee was informed to cut a ditch in the south end to save the levee until Marshall could install a mechanical spillway, but Marshall wanted to bring the levee on up so it was done that way.

The S.C.S. stopped the work in that fashion and that was the last work done on the dam by the plaintiff-appellee.

Marshall paid appellee $7,491.87 for work on the project in December, 1968. There had been no further payment by them; they did execute a note and mortgage to plaintiff-appellee, of which the promissory note showed a balance of approximately $8,400.00, which was the amount due at the execution of the note and mortgage. It was after the execution of the note and mortgage that plaintiff-appellee worked through December 6, 1969.

The record shows the promissory note executed on the aforesaid date and duly signed by James H. Marshall and Patsy C. Marshall, with the due date being January 25, 1971, or sooner on certain contingencies hereinafter set out in this opinion. The mortgage securing said note was executed on the same day by James H. Marshall and Patsy C. Marshall and was second and subsequent to the lien of a mortgage by defendants Marshalls to the Holland National Bank in the principal sum of $9,000.00. The mortgage was duly acknowledged before a Notary Public.

Mr. Marshall was billed on March 16, 1970, for $16,503.82, which was for interest on the note plus additional work with the principal amount of the note deducted therefrom. Marshalls were not charged by plaintiff-appellee for work done in 1970.

The Indiana Department of Natural Resources had demanded that the lake be built to specifications and after which

plaintiff-appellee on his attorney's advice, stopped work, and also talked to defendants' attorney, who advised him to save the dam and also that plaintiff-appellee would be paid.

Appellant Marshall testified that his wife was present at attorney Hendrickson's office when the note and mortgage were prepared.

Between the time the plaintiff-appellee was required to quit work by the S.C.S. and the time Mr. Olinger, a contractor, finished the work, Mr. Marshall withdrew his application for an F.H.A. Loan and went to the Huntingburg Production Credit Association, where he got sufficient funds to complete the dam. However, the money was not available unless the project was completed by Mr. Ewin, plaintiff-appellee. This prohibited appellants Marshalls from obtaining money to pay off their second mortgage until their differences with the plaintiff-appellee were resolved.

The first Paragraph of the complaint alleges the Marshalls, for value received, did, on the 25th day of October, 1969, execute and deliver to plaintiff-appellee a promissory note in the amount of $8,431.82 and that there is now due on said note the entire principal amount with interest thereon in the amount of $428.85, said interest being computed from October 25, 1969.

Attorney fees were demanded in the amount of $1,470.76.

Paragraph II alleges that the Marshalls are indebted to the plaintiff-appellee in the amount of $7,868.00 for bulldozing and excavating work performed by plaintiff-appellee for defendants Marshalls at their special instance and request at divers times and dates prior to the commencement of the action.

That interest on said amount began to run on December 31, 1969, at the rate of 8% per annum and was in the amount of $209.81.

That attorney fees for plaintiff-appellee's attorney was $1,353.33.

The third Paragraph of complaint alleged that on October 25, 1969, the Marshalls made and delivered to the plaintiff-appellee their promissory note of that date and on said date executed their mortgage on certain described real estate owned by the Marshalls in Warrick County, Indiana, to secure the payment of said note in payment of services rendered by the mortgagee, plaintiff-appellee, at the special instance and request of Marshalls. This was conditioned for the payment of $8,431.32, further indebtedness by reason of services rendered by the mortgagee, interest thereon at the rate of 8% and attorney fees.

That the defendant-appellant Huntingburg Production Credit Association claims an interest in said premises or some part thereof as mortgagee and which interest or claim is subsequent and subject to the lien of plaintiff-appellee's mortgage.

That no part of the principal sum mentioned on said loan account and mortgage or interest thereon has been paid.

The prayer of the third Paragraph of complaint was for $16,299.82, with interest of $738.66 and for the further sum of $2,824.09 attorney fees, together with costs, for a foreclosure of the mortgage and sale of the real estate according to law and the practice of the Warrick Circuit Court, et cetera.

After the issues were closed there was filed an application for an entry of default against defendants Marshalls and the Huntingburg Production Credit Association.

Defendants Marshalls filed a motion to dismiss Paragraphs I and III of plaintiff's complaint for the following reasons:

"1. Lack of jurisdiction over the subject matter.
"2. Failure to state a claim upon which relief can be granted."

This was supported by a memorandum that the promissory note was not due until on or before fifteen months from the date of October 25, 1969, *or on the date that defendants obtained from any financial institution a loan for recreational development.*

There is no allegation of demand having been made upon defendants, Marshalls, and no allegation that said defendants have secured a loan for recreational development. However, the Huntingburg Production Credit Association was made party defendant, as shown in the caption of the complaint, and the record shows a summons ordered issued to said party and served on it. The pleadings, as disclosed by the record, are that said defendant was represented by attorney Donald G. Hendrickson.

Further, the judgment of the trial court was that there was due the Huntingburg Production Credit Association the sum of $54,118.03, with interest.

And, further, in the third legal Paragraph of complaint, rhetorical paragraph 7, it is alleged that the Huntingburg Production Credit Association of Huntingburg, Indiana, has, or claims to have, some interest or claim on said premises or some part thereof as mortgagee and which interest or claim is subsequent and subject to the lien of plaintiff-appellee's mortgage.

The next pleading was a motion to strike by defendants Marshalls wherein they moved the court to strike all of rhetorical paragraph 4 of Paragraph III of plaintiff's complaint for the reason that said allegations pleaded an insufficient claim.

The memorandum affixed thereto was that the attorney fees in the foreclosure of a mortgage are not provided in the documents and only attorney fees for collection of promissory notes is provided.

There had also been filed a motion by the defendants to set aside the default.

The court ruled on all of said motions and sustained defendants' motion to set aside the default; overruled defendants Marshalls' motion to dismiss and sustained defendants Marshalls' motion to strike rhetorical paragraphs 2 and 3 of pleading Paragraph II of plaintiff's complaint and overruled the motion to strike rhetorical paragraph 4 of pleading Para-

graph III of plaintiff's complaint and granted defendants Marshalls time to file a cross complaint.

The parties, prior to trial, filed a stipulation that the real estate mortgage of the defendant Holland National Bank was a first priority lien encumbrance as to the plaintiff's claim against the defendants Marshalls.

The court entered its finding and judgment thereon. In the interests of brevity we will omit the findings and will copy verbatim the judgment, which is in the words and figures as follows, to-wit:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this Court that the plaintiff have and recover of and from the said defendants, James H. Marshall and Patsy C. Marshall, the said sum of $18,635.20, of which amount $1,552.86 is plaintiff's attorney fees, together with the costs of this action, and all accruing costs, without relief from valuation or appraisement laws, said judgment to bear interest at the rate of 6% per annum from the rendition thereof until paid.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by this Court that the plaintiff's said Mortgage being mortgage sued upon in its complaint herein, is a second, valid and subsisting lien upon said real estate as described in plaintiff's said mortgage, in said complaint and herein described, and is junior and inferior only to the lien of the defendant, Holland National Bank, and is senior and superior to the right, title lien claim or interest of the other defendants, or any of them, in and to said real estate; that a default has occurred thereon and in the indebtedness thereby secured, and that the plaintiff is entitled to foreclose said mortgage against the defendants.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by this Court that the equity of redemption of the defendants, and each of them, and of all persons claiming from, under, by or through them, or any of them, in and to said mortgaged premises, being the following described real estate located in Warrick County, Indiana, to-wit: All the defendants undivided interests in:

(Here Insert Description)

be and the same is hereby forever barred and foreclosed,

from and after the date hereof, and that said real estate and all the right, title, interest and claim of the defendants, and each of them, and of all persons claiming from, under, by or through them, or any of them, in and to said real estate shall be sold by the Sheriff of Warrick County, State of Indiana, such sale to be made without any relief whatever from valuation or appraisement laws.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by this Court that the proceeds derived from said sale shall be applied as follows:

"1. To the payment of all costs and accruing costs of this action.

"2. To the payment of the amount found due the defendant, The Holland National Bank, in the sum of $8,663.55 together with interest at the rate of 7½% per annum from this date.

"3. To the payment of the amount found due the plaintiff herein, being the amount of the judgment herein rendered in favor of said plaintiff in the sum of $18,635.20, together with interest thereon at the rate of 6% per annum from this date.

"4. To the payment of the amount found due the defendant, Huntingburg Production Credit Association, in the sum of $54,118.03 together with interest at the rate of 7½% per annum from this date.

"5. The overplus, if any, remaining after the payments, as aforesaid, shall be paid by the Sheriff of Warrick County, Indiana, to the Clerk of this Court for the use of the defendants, James H. Marshall and Patsy C. Marshall.

"Said Sheriff is hereby ordered and directed in the event said mortgage real estate is sold and a deed is delivered to a purchaser to place said purchaser of said mortgaged real estate immediately in possession thereof and said Sheriff shall oust and eject from said real estate any other person in possession thereof.

"Said Sheriff is further ordered and directed that if any part of the judgment herein, including interest and Court costs, rendered in favor of the plaintiff, remains unsatisfied after said sale of said mortgage real estate. The Sheriff shall forthwith proceed to levy on the residue of the other property, real and personal, of the defendants, James H. Marshall and Patsy C. Marshall, and each of them, subject to execution and without any relief whatever from valuation or appraisement laws.

"IT IS FURTHER ORDERED by this Court that a duly certified copy of this decree, under the hand of the Clerk and the seal of this Court, shall be sufficient authority to the Sheriff to execute the same and sell the hereinabove described parcel of mortgaged real estate.

"ALL OF WHICH IS ORDERED, ADJUDGED AND DECREED by this Court this 11th day of June, 1971."

Defendants Marshals timely filed a motion to correct errors, together with a memorandum attached thereto, which motion to correct errors is in the words and figures as follows, to-wit:

"The defendants, James H. Marshall and Patsy C. Marshall, and each of them, move the Court to correct the following errors, and to take such action appropriate to correct the same, said errors being as follows:

"1. Uncorrected error of law occurring, and properly raised in the proceedings prior to a trial of this cause in this, to-wit:

"(a) That the Court erred in overruling the motion of said defendants to dismiss plaintiff's complaint.

"(b) That the Court erred in overruling the motion of said defendants to strike rhetorical paragraph 4 of pleading, paragraph 3 of plaintiff's complaint.

"2. The decision of the Court is not supported by sufficient evidence upon all necessary elements of a claim, as more specifically pointed out hereinafter.

"3. The decision of the Court being contrary to law, as more specifically pointed out hereinafter.

"4. Excessive amount of recovery.

"WHEREFORE, said defendants pray that the Court correct the aforesaid errors; that the Court grant said defendants a new trial; and that the Court take all such other proper action as will correct said errors.

"* * *"

The statement in support of the motion to correct errors is quite lengthy and in the interests of brevity will not be set out herein. This court will discuss in full those errors raised and supported by authority and argued in the argument section of appellants' brief.

The appellants Holland National Bank and Huntingburg

Production Credit Association were made parties to this appeal to comply with the Indiana Rules of Appellate Procedure, Rule AP. 2(B), which directs that "All parties of record in the trial court shall be parties on appeal." Since they did not file a motion to correct errors they will be inactive parties hereto.

The motion to correct errors first alleges:

"1. * * * (a) That the Court erred in overruling the motion of said defendants to dismiss plaintiff's complaint."

The motion to dismiss was directed to Paragraphs I and III of plaintiff's complaint. Paragraph I of the plaintiff's complaint is on a note and Paragraph III is to foreclose a mortgage securing said note. It was to these Paragraphs of complaint that defendants Marshalls filed the motion to dismiss, averring (1) lack of jurisdiction over the subject matter, and (2) failure to state a claim upon which relief can be granted. A memorandum accompanied the motion, which in essence stated that the promissory note was not due until on or before fifteen months from date of October 25th, 1969, *or on the date that defendants obtained from any financial institution a loan for recreational development;* that there was no allegation of a demand being made upon defendants for payment and no allegation in the complaint that defendants had secured a loan for recreational development.

The mortgage sued upon secured that note. The note was dated October 25, 1969, as is the mortgage, and plaintiff's complaint was filed May 4, 1970; therefore, defendants-appellants allege that fifteen months have not expired. Furthermore, defendants-appellants contend that the other condition which would have matured the note, namely, a loan obtained by the defendants Marshalls, is nowhere alleged in plaintiff's complaint. Defendants-appellants continue in the argument section to state that they have found no case which has been decided that would shed light on Rule TR. 12(B)(6), which reads as follows:

"Trial Rule 12, Defenses and Objections—When and How Presented—By Pleading or Motion—Motion for Judgment on the Pleadings

(A) * * *

(B) How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counter-claim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required; except that at the option of the pleader, the following defenses may be made by motion:

* * *

(6) Failure to state a claim upon which relief can be granted, which shall include failure to name the real party in interest under Rule 17,

* * *"

Defendants-appellants Marshalls state that they have been unable to find a case which has ruled upon Rule TR. 12 (B) (6) of the new Rules of Procedure; however, plaintiff-appellee has pointed us to the case of *Ballou* v. *General Electric Company* (1968), C. A. Mass., 393 F. 2d 398, wherein the Federal District Court for the State of Illinois held as follows:

" 'The office of the motion to dismiss under rule 12 (b) (6) is simply to test whether the allegations of the complaint, liberally construed, are sufficient to make admissable enough evidence to support a verdict for the plaintiff. If the plaintiff could recover upon any state of facts which might be proved under the allegations as laid, the complaint states a claim upon which relief can be granted and the motion must be denied.' *Skinner* v. *United States* (1962), D. C. Ill., 209 F. Supp. 854."

Much of the reasoning which defendants-appellants rely upon for reversal of the trial court for not sustaining their motion is that there was not sufficient evidence to justify the trial court's action. With this contention we are unable to agree, there being uncontroverted evidence that the Marshalls did receive a loan for recreational development from the Huntingburg Production Credit Association subsequent to the date of the execution of the note and mortgage sued on.

The note itself provided for its maturity in the following words, to-wit:

"* * * all of which shall be due and payable on or before fifteen (15) months from the date hereof or on the date that the makers shall obtain from any financial institution, company, person or government agency, including Federal Housing Administration a loan for the purpose of recreational development upon the above described real estate."

Under the above facts it is the opinion of this court that there is no merit in defendants-appellants Marshalls' argument that there was no evidence that the note and mortgage matured prior to September 15, 1971, for the reason that the complaint is deemed amended to conform to the proof under Rule TR. 15 (B), which reads as follows:

"(B) Amendments to conform to the evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Inasmuch as the defendants-appellants have directed us to no cases evidencing a lack of jurisdiction over the subject matter by the court, nor argued the same in their brief, we shall not deal with that portion of the motion to correct errors; Rule AP. 8.3 (A) (7).

We are of the opinion that the plaintiff-appellee did state a claim upon which relief can be granted as the facts support

the plaintiff-appellee's complaint as amended to conform to the proof.

Defendants-appellants Marshalls next argued the specification of the motion to correct errors which reads:

"1. Uncorrected error of law occurring, and properly raised in the proceedings prior to a trial of this cause in this, to-wit:

&ast; &ast; &ast;

"(b) That the Court erred in overruling the motion of said defendants to strike rhetorical paragraph 4 of pleading paragraph 3 of plaintiff's complaint."

Rhetorical paragraph 4 of legal Paragraph III of plaintiff's complaint is in the words and figures as follows, to-wit:

"4. That it has become and is necessary for the plaintiff to employ counsel to prosecute this action and to foreclose said Mortgage, and that the reasonable value of the services of counsel in this action for the foreclosure of said Mortgage is two thousand eight hundred twenty-four dollars and nine cents ($2,824.09)."

The defendants-appellants further alleged that the attorney fee in the foreclosure of the mortgage was not provided for in the mortgage and that only an attorney's fee for collection of the promissory note was provided.

Plaintiff-appellee contended that there was a stipulation as to the amount of attorney fees to be allowed in the event the court found for the plaintiff-appellee and that it was to be based upon the Warrick County fee schedule.

In oral argument plaintiff-appellee's attorney said that the attorney fee allowed by the court was the amount arrived at for recovery on the note pleaded in legal Paragraph I of the complaint, which was secured by the mortgage and based on the Warrick County fee schedule. Defendant-appellants Marshalls' attorney, in rebuttal argument, did not contest that statement.

This court is of the opinion that the trial court did err in not striking out rhetorical paragraph 4 of legal Paragraph III

of the complaint, but inasmuch as the court did not allow any attorney fees thereon there was no prejudice thereby and defendants-appellants Marshalls not being prejudiced the error is harmless and not sufficient to warrant reversal of this cause.

The next specification argued is number 2 of the motion to correct errors, of which the defendants-appellants state they have multiple grounds as the supporting statement argues. Two of these grounds were argued. The first supporting statement argued avers:

"2. The decision of the Court is not supported by sufficient evidence upon all necessary elements of plaintiff's claim in the following particulars:

\* \* \*

"(c) There is no evidence to support the Court's finding and judgment for attorneys fees for plaintiff herein, particularly as to the amount allowed or to the reasonableness thereof."

This court shall group these two specifications and treat them as one.

Defendants-appellants Marshalls state that the attorney fee allowed by the judgment was $1,552.86 and further state: "Admittedly, the note sued upon provides for such fees." They further contend there is no evidence in the record to prove any attorney fees based upon either theories of the fee *incurred* by plaintiff, or the *reasonableness* of the fee granted.

Defendants-appellants Marshalls' counsel further argues that none of the evidence touches upon or even relates to the question of attorney fees.

Defendants-appellants cite and rely on the case of *Interstate Motor Freight System* v. *Gasoline Equipment Co.* (1940), 107 Ind. App. 494, 24 N. E. 2d 418, 420, as follows:

"It has been repeatedly held in this state that where the amount of attorney's fees is not fixed in the note, the amount thereof must be established by proper evidence. *Starnes et al.* v. *Schofield et al.*, 1892, 5 Ind. App. 4, 31 N. E. 480; *Shoup* v. *Snepp et al.*, 1899, 22 Ind. App. 30, 53 N. E.

189; *Lindley* v. *Sullivan,* 1893, 133 Ind. 588, 32 N. E. 738, 33 N. E. 361."

and also the case of *Starnes et al.* v. *Schofield* (1892), 5 Ind. App. 4, 31 N. E. 480:

"* * * Unless the amount of the attorney's fees is specified in the note, before the holder can recover, he is required to prove what a reasonable fee would be to make the collection; and his recovery will be measured accordingly. * * *"

Following the citation of these authorities defendants-appellants, Marshalls, argue that the court's judgment provided attorney fees when there was no evidence to support that judgment.

We agree that in the past the law has been as set out by the defendants-appellants, Marshalls. However, that has been overruled by *McDaniel* v. *McDaniel* (1964), 245 Ind. 551, 201 N. E. 2d 215, and a court may properly take judicial notice of reasonable attorney fees in the trial of a cause. *McDaniel* v. *McDaniel* has been followed in *Mathews* v. *Mathews* (1972), 151 Ind. App. 70, 278 N. E. 2d 325, 29 Ind. Dec. 152, wherein this court, quoting from the *McDaniel* case, *supra,* said:

" 'Finally, it is contended that the court abused its discretion as to the allowance of attorney fees, in that they were too small. It is true that expert testimony before the court supported the fact of much larger attorney fees than those awarded. However, the reasonableness of attorney fees is always a matter regarding which the judge, being a lawyer, may take judicial notice. Therefore, this court will not disturb the trial court's award as to attorney fees unless there is a clear abuse of discretion. *Bitner* v. *Bitner* (1950), 228 Ind. 259, 91 N. E. 2d 169.' "

A further recent decision which we find on this point is *Stigall* v. *Stigall* (1972), 151 Ind. App. 26, 277 N. E. 2d 802, 29 Ind. Dec. 74, wherein this court said:

"The allowance of an attorney fee, whether based on expert testimony or upon the wisdom of the trial judge from his experience through years of law business and his knowledge of the schedule of fees, is solely within the discretion of the trial judge."

As the next specification of error, defendants-appellants, under Section D of the Argument section of their brief again state that the decision of the court was not supported with sufficient evidence in respect that there was no evidence that the defendant, Patsy C. Marshall, was obligated to the plaintiff on account.

Defendants-appellants have cited us no cases but have merely relied upon contradicting testimony of the witnesses. The evidence is that Patsy C. Marshall did sign the note and mortgage, and would have benefited from the work done by Ewin.

This evidence was submitted to the trial court, who saw and heard her testify, as well as hearing and seeing other witnesses testify, and it was his duty and obligation to weigh the evidence, which he has done. As we have so many times heretofore said, this court cannot weigh the evidence; the rule is so well established that it needs no citation of authority.

The last alleged error which the defendants-appellants argue in their Argument section is:

"4. Excessive amount of recovery."

In support thereof the defendants-appellants state "The amount of recovery is excessive for the reasons stated in specification 2(c) of the within statement" and for clarification further state that the specification refers to the failure of proof of the attorney fees granted.

Though we have previously dealt with this portion of defendants-appellants' motion to correct errors, we will now direct our opinion to the matter of excessive recovery. We are of the opinion that the part of specification 4 referring to specification 2(c) relating to excessive recovery (attorneys

fees) does not meet the requirements of Rule AP. 8.3(A)(7) as there was no citation of authorities.

For the reasons hereinabove stated the decision of the trial court is hereby affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported in 282 N. E. 2d 841.