IN THE MATTER OF THE ESTATE OF GRACE M. JAQUES, DECEASED, ET AL.. *v.* CHARLES A. JAQUES, JR. AND BARBARA ANN TRUITT, EXECUTRIX OF THE ESTATE OF GRACE M. JAQUES, DECEASED.

[No. 1-376A45. Filed September 8, 1976. Rehearing denied October 26, 1976.]

*James H. Secrest, Hilgedag, Johnson, Secrest & Murphy,* of Indianapolis, for appellants.

*Peter L. Obremskey, Parr, Richey, Obremskey, Pedersen & Morton,* of Lebanon, *Patrick J. Agnew, Righeimer, Righeimer & Martin,* of Chicago, Illinois, for appellees.

## STATEMENT OF THE CASE

LOWDERMILK, J.—Respondents-appellants Jacqueline, Jeffrey and Joyce Jaques, custodian and next friend of Mark Jaques (the Jaques) appeal from a judgment of the Probate Court which reversed a prior order of the court finding that petitioner-appellee Charles A. Jaques (Charles) was a missing devisee.

We affirm.

## FACTS

The facts necessary for our disposition of this appeal are as follows:

Grace M. Jaques died testate on June 17, 1972, and her daughter, Barbara Ann Truitt, qualified and was appointed executrix of the estate on June 26, 1972.

Item III of Grace Jaques' will devised to her grandson, Charles, one-fourth of the residuary estate.

On August 23, 1972, Charles' former wife, Joyce, on behalf of herself and their three children, filed a petition to have Charles' share of the estate distributed as that of a missing devisee.

On November 8, 1972, the court entered an order directing the executrix of the estate to pay to the clerk of the court, as it became available, the sum of $3,150.00 for back support, $150.00 for attorney fees, and $16.67 per week per child for child support. These were amounts owing the Jaques' because of Joyce's divorce from Charles.

On March 8, 1974, the executrix filed a "Petition For Determination of Distribution of Share of Missing Devisee on Final Distribution." On May 8, 1974, the Jaques filed a "Petition For Distribution of Share of Missing Devisee to Heir of Missing Devisee."

On May 23, 1974, the court entered its order on both petitions which provided in pertinent part the following:

"1. That Barbara Ann Truitt, as Executrix of the Estate of Grace M. Jaques, deceased, be, and she hereby is, directed to pay over the distributive share of Charles A. Jaques, Jr. to the Clerk of Boone Circuit Court.

"2. That the Clerk of the Boone Superior Court be, and she hereby is, ordered to invest all but Eighteen Hundred Dollars ($1800.00) of such funds in certificates of deposit maturing every three (3) months in the amount of Eighteen Hundred Dollars ($1800.00).

"3. That the Clerk of the Boone Superior Court be, and she hereby is, ordered to disburse from said funds the sum of Two Hundred Dollars ($200.00) per month each to

"Jacqueline Jaques, Joyce M. Jaques, custodian of Jeffrey Jaques and Joyce M. Jaques, custodian of Mark Jaques, pending further order of this Court."

On June 5, 1974, the executrix filed her "Petition For Order Approving Final Report and Accounting." On June 20, 1974, the court approved the executrix's distributions, discharged the executrix and her sureties, and adjudged the estate finally settled.

On May 30, 1975, Charles filed his "Petition to Set Aside Determination of Missing Devisee", which petition was granted by the court on September 26, 1975, following the court's overruling the Jaques' motion to dismiss on September 2, 1975.

## ISSUES

1. Whether the court erred in overruling the Jaques' motion to dismiss Charles' petition seeking to have his status as a missing devisee cancelled.

2. Whether the court erred in concluding that the funds in the custody of the clerk constituted Charles' distributive share of his grandmother's estate which the court could properly order paid to Charles.

## ISSUE ONE:

The Jaques' first contend it was error for the Probate Court to overrule their motion to dismiss Charles' petition[1] because it was not filed within one (1) year as required by statute, nor did it allege the statutory grounds of illegality, fraud or mistake.

IC 1971, 29-1-1-21 (Burns Code Ed.) provides:

*"For illegality, fraud or mistake, upon application filed within one [1] year after the discharge of the personal representative upon final settlement, the court may vacate or modify its orders, judgments and decrees or grant a rehearing therein.* Before any such order, judgment or decree shall

---

1. Ind. Rules of Procedure, Trial Rule 12 (b) (6).

be vacated or modified, notice of such application and hearing shall be given to the personal representative and all interested persons as provided in section 112 [29-1-1-12] of this [Probate] Code. No vacation or modification under this section shall affect any right acquired by any innocent person in reliance upon any such previous order, judgment or decree." (Our emphasis.)

The record before us discloses that the executrix was discharged and the estate decreed fully settled on June 20, 1974. Charles filed his petition seeking to have the court's orders of November 8, 1972, and May 23, 1974, which decreed him a missing heir, vacated on May 30, 1975. Therefore, the record discloses that Charles' petition was filed within one (1) year after the personal representative was discharged upon the final settlement of the estate.

Likewise, we are of the opinion that Charles' petition was sufficiently specific to overcome a TR. 12(b)(6) motion alleging failure to state a claim upon which relief can be granted.

As stated in *Marshall* v. *Russell R. Erwin, Inc.* (1972), 152 Ind. App. 171, 282 N.E.2d 841, 848:

"The office of the motion to dismiss under rule 12(b)(6) is simply to test whether the allegations of the complaint, *liberally construed,* are sufficient to make admissible enough evidence to support a verdict for the plaintiff. *If the plaintiff could recover upon any state of facts which might be proved under the allegations as laid,* the complaint states a claim upon which relief can be granted and the motion must be denied. . . ." (Our emphasis.) See also, *Roberts* v. *State* (1974), 159 Ind. App. 456, 307 N.E.2d 501; *Reafsnyder et al.* v. *Warsaw* (1973), 155 Ind. App. 455, 293 N.E.2d 540.

Charles' petition challenged the court's order of May 23, 1974, which directed the executrix to pay to the clerk Charles' distributive share, and requested the court to determine that he was no longer a missing devisee. In other words, since he is now present it would be a mistake to continue in effect, the court's prior order finding him to be a missing heir. To require Charles to actually use

the word *illegality, fraud,* or *mistake* in his petition would be to put form above substance, which this court will not do. *Wilson* v. *Wilson* (1976), 169 Ind. App. 530, 349 N.E.2d 277, 280.

ISSUE TWO:

The Jaques' contend that the court erred in finding that Charles had any right to the property left to him by his grandmother's will once that property was sold and ordered delivered to the clerk for their benefit. See Order of May 23, 1974, *supra.*

IC 1971, 29-1-17-12 (Burns Code Ed.) provides:

"(b) If any heir, distributee, devisee, or claimant cannot be found after reasonable search, satisfactory to the court, the personal representative shall sell the share of the estate to which he is entitled, pursuant to an order of court first obtained and *pay the proceeds to the clerk of the court for use and benefit of the person or persons thereafter determined to be entitled thereto according to law."* (Our emphasis.)

The record discloses that the court first determined that the proceeds of Charles' interest in his grandmother's estate be held for the use and benefit of his minor heirs. Within one (1) year of the court's order that the estate was closed, the court timely determined that Charles was the proper person to receive the proceeds of his grandmother's estate according to the express provisions in her will, and ordered the remainder of the funds distributed to him. This the court had the power to do pursuant to IC 1971, 29-1-1-21, *supra.*

Our opinion is fostered by the legislative history of IC 1971, 29-1-17-12(b), *supra,* and the public policy favoring the expeditious *final* settlement of estates.

For us to hold otherwise would be to construe IC 1971, 29-1-1-21, *supra,* and IC 1971, 29-1-17-12(b), *supra,* in such a manner that they would be inconsistent with each other. All statutes enacted at the same session of the legislature should be construed *in pari materia,* so

as to give effect to each if possible. *Starr* v. *City of Gary* (1934), 206 Ind. 196, 188 N.E. 775, 776.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 354 N.E.2d 283.

### ON PETITION FOR REHEARING

LOWDERMILK, J.—Respondents argue that under our holding in In re Estate of Jaques (1976), 170 Ind. App. 552, 354 N.E.2d 283, all orders made during the administration of an estate become interm and subject to vacation or modification until one year following the closing of the estate. They argue further that our holding seems inconsistent with comments made by the Probate Code Study Commission.

In In re Estate of Jaques, *supra,* we held that for one (1) year after the discharge of the personal representative upon the final settlement of an estate the probate court could vacate or modify its orders, judgments or decrees upon a showing of *fraud, illegality* or *mistake* in the rendition thereof. We are of the opinion that we did nothing more than give effect to the clear and unambiguous language of IC 1971, 29-1-1-21 (Burns Code Ed.) which it is our function to do. This statute provides in pertinent part:

> "Vacation and modification of orders.—For illegality, fraud or mistake, upon application *filed within one [1] year after the discharge of the personal representative upon final settlement,* the court may vacate or modify its orders, judgments and decrees or grant a rehearing therein. . . ." (Our emphasis.)

We do not wish to denigrate from the fine job performed by the Probate Code Study Commission, but this court must give effect to the clear and customary meaning of words as found in IC 1971, 29-1-1-21, *supra,* notwithstanding Commission comments which arguably are inconsistent with the statute.

Rehearing denied.

NOTE.—Reported at 354 N.E.2d 283.